■ SEYMOUR AXELROD, Respondent, v ELIZABETH AXELROD, Appellant. — Order unanimously reversed, on the law, with costs, and defendant's motion granted. Memorandum: The court properly found that the complaint in this action for divorce lacks the requisite specificity as to the nature and circumstances of the acts of cruelty complained of, as required by CPLR 3016 (subd [c]). However the court erred in granting plaintiff leave to serve an amended complaint to relate back in time to the service of the summons in the action.

While CPLR 3025 (subd [b]) provides that "[l]eave [to amend pleadings] shall be freely given upon such terms as may be just including the granting of costs and continuances", the right to amend is not available by the mere asking. "The courts are more hesitant to grant amendment motions, liberal though they are directed to be by CPLR 3025 (b), when the facts on which they are based were known to the movant from the beginning and could have been pleaded without trouble earlier. Mere lateness is not a barrier to the amendment, as a rule, but lateness coupled with significant prejudice is" (Siegel, NY Prac, § 237, p 289; see, also, CPLR 3026). "Prejudice sufficient to defeat an

amendment must be traceable 'to the omission from the original pleading of whatever it is the amended pleading wants to add — some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add'" (*Wyso v City of New York,* 91 AD2d 661, 662, quoting Siegel, NY Prac, § 237, p 289).

Defendant's affirmative defense, served over a year and one half before the instant motion to dismiss, that the complaint failed to state a cause of action, put plaintiff on notice of the possible infirmity of his pleading. At the time the motion to amend the pleadings was made, it appears that more than five years had passed since the complained-of acts. This passage of time prejudices defendant's ability to defend herself against plaintiff's new allegations. The prejudice to defendant is heightened in this case by the extremely vague allegations set forth in the complaint, which states merely that "the Defendant has perpetrated such a course of conduct towards the Plaintiff, including acts of humiliation, harassment, and abuse, and in public and private, and before family and friends, so as to endanger the Plaintiff's physical and mental health and wellbeing and make it unsafe and improper for the Plaintiff to cohabit with the Defendant." These vague accusations give defendant virtually no notice of the charges against her (cf. *Perkins v New York State Elec. & Gas Corp.,* 91 AD2d 1121 [amendment permitted where no new facts are asserted]). Under these circumstances, it was an abuse of the court's discretion to grant plaintiff's application to amend his complaint to assert new facts on the day the trial of the action was to commence (*Shanahan v Shanahan,* 92 AD2d 566; *Foster Co. v Terry Contr.,* 25 AD2d 721; *O'Hara v Tidewater Oil Co.,* 23 AD2d 870). (Appeal from order of Supreme Court, Erie County, Francis, J. — amend complaint.) Present — Callahan, J. P., Doerr, Boomer, Green and Schnepp, JJ.