■ L.W.C. Agency, Inc., et al., Appellants, v St. Paul Fire and Marine Insurance Company et al., Respondents.—In an action to recover damages, *inter alia,* for injurious falsehood and defamation, the plaintiffs appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Berman, J.), dated September 24, 1984, as granted those branches of the motion of the defendants St. Paul Fire and Marine Insurance Company (hereinafter St. Paul) and Anthony Viselli to dismiss the third cause of action as against St. Paul and the first and third causes of action as against Viselli pursuant to CPLR 3211 (a) (7), and granted those branches of the motion of the defendant Benjamin Tell to dismiss the first and third causes of action as against him pursuant to CPLR 3211 (a) (7), and (2) from an order of the same court (Pantano, J.), entered March 1, 1985, which, *inter alia,* granted St. Paul's motion to dismiss the first cause of action as against it pursuant to CPLR 3211 (a) (7).

Ordered that the order dated September 24, 1984 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 1, 1985, is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff L.W.C. Agency, Inc. (hereinafter L.W.C.), which had an agency agreement with the defendant St. Paul, placed an insurance policy for its client, David G. Steven, Inc. (here-

inafter Steven) with St. Paul for the policy year 1982-1983. In April 1983, the insured informed St. Paul that it had suffered a loss. In a letter written by the defendant Benjamin Tell, St. Paul's attorney, the insured was informed that St. Paul had disclaimed liability for the claimed loss because it had concluded that the information regarding the claim, as furnished by the insured's sales representative, was false. The third paragraph of the letter stated: "The policy is void as of its inception date because of misrepresentations in the proposal for the policy". Other than a notation that a copy had been sent to L.W.C., there was no reference in the letter to L.W.C. or its president, the plaintiff Louis Wallach.

The plaintiffs instituted the instant action in February 1984 against St. Paul, its attorney Benjamin Tell, and Anthony Viselli, an employee of St. Paul. The complaint set forth eight causes of action. Of relevance to this appeal, the first cause of action, asserted on behalf of L.W.C., sought recovery for injurious falsehood. L.W.C. alleged therein that the defendants' statement that the policy was procured by misrepresentation was known by defendants to be untrue. L.W.C. further alleged that the defendants knew or should have known that the utterance of the untrue statement would damage L.W.C. "in that it implied that [L.W.C.] had not acted appropriately in advising its client in applying for the policy" and it "indicated a lack of business judgment on [L.W.C.'s] part by placing its client's business insurance with a carrier that would act in such a fashion".

As a result of the defendants' alleged .wrongful conduct, L.W.C. claimed that its client, Steven, placed its policy for the year 1983-1984 through another broker, thereby depriving L.W.C. of the $11,397.90 commission it would have earned for that policy. The plaintiffs also alleged that L.W.C. was deprived of future commissions they would have otherwise earned on "these policies" in the sum of $170,968.50.

The third cause of action asserted on behalf of L.W.C. sought recovery for defamation. L.W.C. alleged that the statement in Tell's letter regarding misrepresentations in the policy proposal "was intended to, and did, refer to [L.W.C.] in that defendant was aware that [L.W.C.] had acted as broker for David G. Steven, Inc., and had assisted David G. Steven in its proposal for the policy." The third cause of action asserted in the complaint further alleged that the statement "was false and defamatory" and was "uttered willfully and maliciously, and with intent to injure [L.W.C.]". As a result thereof, L.W.C.

sought $182,366.40 in compensatory damages and $500,000 in punitive damages.

Upon the defendants' respective motions, Special Term dismissed the second through eighth causes of action asserted against St. Paul and dismissed the entire complaint against the defendants Viselli and Tell. Since St. Paul did not, at that time, seek dismissal of the first cause of action against it, that cause of action was severed. Thereafter, St. Paul moved for, and was granted, dismissal of the first cause of action asserted against it pursuant to CPLR 3211 (a) (7). We agree with Special Term's determinations, and accordingly affirm the orders insofar as they are appealed from.

A person who utters a false and misleading statement harmful to the interests of another may be held liable for damages resulting therefrom if (1) it is uttered or published maliciously and with the intent to harm another or done recklessly and without regard to its consequences, and (2) a reasonably prudent person would or should anticipate that damage to another will naturally flow therefrom (see, Penn-Ohio Steel Corp. v Allis-Chalmers Mfg. Co., 7 AD2d 441, 444; Restatement [Second] of Torts § 623A). Applying these principles to the case at bar, we agree with Special Term's dismissal of L.W.C.'s first cause of action. Even if the allegations in the first cause of action are assumed to be true, a reasonably prudent person would not anticipate that damage to the insured's broker, by way of pecuniary loss, would naturally follow from the cancellation of the policy based on the alleged misrepresentations in the policy proposal. This is especially true when the letter of cancellation does not in any way refer to or identify the insured's broker in connection with said misrepresentations. Additionally, we find that the first cause of action does not plead special damages with sufficient particularity. "The general allegation that numerous prospective employers refused to employ plaintiff by reason of the intentional misstatements of defendants is inadequate as a pleading of special damages" in a claim for injurious falsehood (Gersh v Kaspar & Esh, 11 AD2d 1005). In pleading special damages, actual losses must be identified and causally related to the alleged tortious act (see, Ginsberg v Ginsberg, 84 AD2d 573, 574; Zausner v Fotochrome, 18 AD2d 649). The general allegation that L.W.C. was deprived of the commission on Steven's policy for the year 1983-1984 as well as the allegations of losses of undefined future commissions were inadequate to plead special damages. The plaintiffs fail to allege how the alleged falsehood caused these alleged losses.

The third cause of action, asserted on behalf of L.W.C., must also fall. The alleged defamatory statement, at most, merely stated that misrepresentations were contained in the policy proposal. There is no characterization in said statement indicating that those misrepresentations were made fraudulently, rather than by inadvertence. On this point it is significant to note that an innocent misrepresentation of a material fact in the procurement of an insurance policy is sufficient to entitle the insurer to rescind the policy (see, *Fernandez v Windsor Life Ins. Co.*, 83 Misc 2d 301, 305, affd 52 AD2d 589). In view thereof, we are in agreement with Special Term's conclusion that, "in the absence of a characterization in the letter of the alleged misrepresentations as fraudulent, the language of which plaintiffs complain is not viewed by this Court as defamatory and, even if it were, it would be defamatory of the policyholder and not of plaintiffs". Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.