■ MAYO, LYNCH AND ASSOCIATES, INC., Appellant, v JEROME L. FINE et al, Respondents.—In an action, *inter alia,* to recover damages for breach of fiduciary duty and tortious interference with contractual relations, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Green, J.), dated August 20, 1987, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The gravamen of the instant action is that the individual defendants, while in the employ of the plaintiff, intentionally and improperly interfered with the performance of a contract between the plaintiff and the Town of Warwick by inducing the town to terminate the contract. However, the record indicates that the contract between the town and the plaintiff was terminable at will and thus it must be classified as "that of a prospective contractual relation only" *(Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 191). Accordingly, under the circumstances herein, it was incumbent upon the plaintiff to supply, in opposition to the defendants' motion for

summary judgment, probative evidence of malice or the use of wrongful means, by the defendants *(Guard-Life Corp. v Parker Hardware Mfg. Corp., supra,* at 194; 32 NY Jur, Interference, § 40, at 196). The affidavits of Joseph Lynch and Seamus Cunningham, the president and vice-president respectively of the plaintiff, are insufficient to raise a triable issue of fact since they are vague, conclusory, and replete with hearsay. We have reviewed the plaintiff's remaining arguments and find them to be without merit *(see, Mayo, Lynch & Assocs. v Fine,* 148 AD2d 425 [decided herewith]). Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.