■ EUGENE FEELEY et al., Appellants, v MIDAS PROPERTIES, INC., et al, Respondents.—In an action, *inter alia,* to recover damages for breach of a franchise sales contract, the plaintiffs appeal from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), dated June 1, 1988, as dismissed the ninth and tenth causes of action of the amended complaint insofar as they are asserted against all the defendants and dismissed the entire amended complaint insofar as it is asserted against the defendants Midas International Corporation and IC Industries, Inc., for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is contended by the plaintiffs upon appeal, *inter alia,* that the court improperly relied upon evidentiary matter submitted on the motion in order to find that the ninth cause of action, sounding in tortious interference with contract, should be dismissed for failure to state a cause of action.

The elements necessary for a tortious interference with contract are: (1) the existence of a valid contract, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procuring of the breach of that contract, and (4) damages *(see, Kaminski v United Parcel Serv.,* 120 AD2d 409). In support of the motion, the defendants submitted documents and affidavits which established that the subject contract had never been executed.

It is clear, under the decisional law of this State, that where a movant submits proof establishing that the plaintiff has no proper cause of action, the court is not limited to nor bound by the bare allegations in the pleadings *(see, Guggenheimer v Ginzburg,* 43 NY2d 268). Upon a review of the parties' submissions, this court concludes that the Supreme Court properly found that there was no contract and hence, correctly dismissed the ninth cause of action.

We have reviewed the plaintiffs' remaining contentions and find that they do not warrant reversal of the order insofar as appealed from. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.