■ JURLIQUE, INC., Respondent-Appellant, v AUSTRAL BIOLAB PTY., LTD., Respondent-Appellant, and D'NAMIS, LTD., Appellant-Respondent.—In an action, inter alia, to recover damages for tortious interference with contract and trade defamation, (1) the defendants appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), entered June 20, 1990, which granted the plaintiff's motion for a preliminary injunction

enjoining them from interfering with the operation of the plaintiff's business, and (2) the defendant D'Namis, Ltd., appeals from so much of an order of the same court, dated January 17, 1991, as (a) denied its motion, pursuant to CPLR 3211 (a) (7), to dismiss the complaint insofar as it is asserted against it for failure to state a cause of action, (b) granted the motion of the plaintiff to extend its time within which to post an undertaking, (c) denied its cross motion to vacate the preliminary injunction, and (d) continued the preliminary injunction "in full force and effect pending further order of the Court", and (3) the plaintiff cross-appeals from so much of the order dated January 17, 1991, as granted the motion of the defendant Austral Biolab Pty., Ltd., pursuant to CPLR 3211 (a) (8), to dismiss the complaint insofar as it is asserted against it for lack of personal jurisdiction.

Ordered that the order dated January 17, 1991, is modified, on the law, by (a) deleting the provision thereof which granted the plaintiff's motion to extend its time in which to file an undertaking, and by substituting therefor a provision denying that motion, (b) deleting the provision thereof which denied the cross motion of the defendant D'Namis, Ltd. to vacate the preliminary injunction and continued it in full force and effect, and by substituting therefor a provision granting the cross motion, and vacating the order entered June 20, 1990, (c) deleting the provision thereof which denied that branch of the motion of the defendant D'Namis, Ltd., which was to dismiss the second cause of action, and by substituting therefor a provision granting that branch of the motion; as so modified, the order dated January 17, 1991, is affirmed; and it is further,

Ordered the appeal from the order entered June 20, 1990, is dismissed as academic, in light of the determination on the appeal from the order dated January 17, 1991; and it is further,

Ordered that the defendants are awarded one bill of costs.

In the second cause of action asserted in its complaint, the plaintiff alleges that the defendant D'Namis, Ltd. (hereinafter D'Namis) tortiously interfered with its prospective contracts with its customers, or committed trade defamation. It is well settled that the culpable conduct necessary to state a cause of action to recover damages for interference with future contractual relations or contracts terminable at will is significantly higher than the conduct necessary for interference with present contracts *(see, Guard-Life Corp. v Parker Hard-*

*ware Mfg. Corp.,* 50 NY2d 183). In order to demonstrate interference with future contracts or contracts terminable at will, a showing of "wrongful" conduct, defined as fraudulent representations, threats, or a violation of a duty of fidelity owed to the plaintiff by reason of a confidential relationship between the parties, is required *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp., supra,* at 194; *see also, Lerman v Medical Assocs.,* 160 AD2d 838; *Slifer-Weickel, Inc. v Meteor Skelly,* 140 AD2d 320). In the case at bar, the second cause of action in the complaint does not allege that D'Namis committed any "wrongful" acts. Further, the tort of trade defamation is the knowing publication of a false matter derogatory to the plaintiff's business calculated to prevent or interfere with relationships between the plaintiff and others to its detriment *(see, Waste Distillation Technology v Blasland & Bouck Engrs.,* 136 AD2d 633). The communication must play a material and substantial part in inducing others not to deal with the plaintiff *(Waste Distillation Technology v Blasland & Bouck Engrs., supra,* at 634). In the case at bar, the plaintiff alleges that the defendants contacted its customers and told them that if they were unhappy with the plaintiff's prices that D'Namis could provide the product cheaper, a fact that the plaintiff concedes is true. Therefore, the second cause of action in the complaint, whether sounding in tortious interference with future contracts, or trade defamation, must be dismissed for failure to state a cause of action.

It is also well settled that in order to obtain a preliminary injunction a movant must demonstrate (1) likelihood of ultimate success on the merits, (2) irreparable harm unless the injunction is granted, and (3) that the equities are balanced in its favor *(see, Fischer v Deitsch,* 168 AD2d 599; *Koursiaris v Astoria N. Dev.,* 143 AD2d 639). In the case at bar, where, *inter alia,* sharp issues of fact are presented, and compensation is available in the form of monetary damages, it is clear that the plaintiff failed to meet its burden. Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff a preliminary injunction *(see generally, Paroff v Muss,* 171 AD2d 782; *Town of Stanford v Donnelly,* 131 AD2d 465).

With respect to the plaintiff's cross appeal, we agree with the Supreme Court that personal jurisdiction was not acquired over the defendant Austral Biolab Pty., Ltd. (hereinafter Austral). In order to be subject to personal jurisdiction under CPLR 301, a foreign corporation must be found to be engaged in a continuous and systematic course of doing business such

that the aggregate of the corporation's activities are not occasional or casual but have a fair measure of permanence and continuity sufficient to make it reasonable according to traditional notions of fair play and substantial justice that the litigant be required to defend the action in the forum *(see, Laufer v Ostrow,* 55 NY2d 305). In the case at bar, Austral's only connection to New York is the presence of a distributor of its product, D'Namis. Presence of a distributor, in the absence of any other contacts with the forum, has been held not to be sufficient to acquire jurisdiction over a foreign corporation *(see, Delagi v Volkswagenwerk AG,* 29 NY2d 426; *Frummer v Hilton Hotels Intl.,* 19 NY2d 533, *cert denied* 389 US 923; *Bryant v Finnish Natl. Airline,* 15 NY2d 426; *Elish v St. Louis Southwestern Ry. Co.,* 305 NY 267). Further, the plaintiff has alleged no facts that would give rise to jurisdiction over Austral under the long-arm provisions of CPLR 302.

Contrary to D'Namis's contention, the first cause of action in the complaint properly sets forth a cause of action to recover damages for tortious interference with contract *(see, Feeley v Midas Props.,* 154 AD2d 505). Nor does an award of the International Court of Arbitration, dated September 18, 1992, and handed up to this Court on oral argument of the instant appeal, compel a different result. That award, rendered in an arbitration proceeding between the plaintiff and Austral, determined that Austral properly terminated its contract with the plaintiff on October 23, 1989, effective December 31, 1989. However, in an affidavit submitted in opposition to the plaintiff's motion for a preliminary injunction, the president of D'Namis admitted that D'Namis filled an order within the western market assigned to the plaintiff on December 27, 1989, i.e., before the effective date of the contract's termination. Accordingly, the first cause of action may not be dismissed at the pleading stage. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.