■ NASSAU DIAGNOSTIC IMAGING AND RADIATION ONCOLOGY ASSOCIATES, P. C., Appellant, v WINTHROP-UNIVERSITY HOSPITAL et al., Respondents. [602 NYS2d 650] —In an action, *inter alia,* to recover damages for tortious interference with business relationships, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated February 13, 1991, as denied its motion for a preliminary injunction, and granted so much of the defendants' cross motion which was for summary judgment dismissing the first, second, and sixth causes of action of the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a professional corporation consisting of a group of radiologists, challenges the dismissal of the first, second, and sixth causes of action of their complaint. Those causes of action seek injunctive relief and damages, on the theory that the defendants tortiously interfered with the plaintiff's prospective business relationships.

The court properly gave notice to the parties of its intention to treat the defendants' motion to dismiss the complaint as a motion for summary judgment (see, CPLR 3211 [c]). The plaintiff's conclusory allegation on appeal that they should have been afforded an opportunity for discovery prior to the court's granting of summary judgment in favor of the defendants is merely speculative and insufficient to demonstrate that postponement of decision on the motion was warranted (see, *Feinman v Cantone,* 192 AD2d 577).

To make out a claim for tortious interference with business relationships, a plaintiff must show that the defendant inter-

fered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff or by means that were unlawful or improper *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; *Jurlique, Inc. v Austral Biolab Pty.,* 187 AD2d 637; *Slifer-Weickel, Inc. v Meteor Skelly,* 140 AD2d 320). In the instant case, the plaintiff and the defendants are competitors. The defendants' actions were motivated by, *inter alia,* an economic self interest. As such, the actions of which the plaintiff complains cannot be characterized as malicious *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp., supra).* Therefore, in order to defeat the granting of summary judgment in favor of the defendants, it was incumbent upon the plaintiff to come forward with facts demonstrating that the means employed by the defendants were improper or unlawful *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp., supra).* The plaintiff did not come forward with such facts. Moreover, the plaintiff's conclusory allegations that the defendants acted maliciously and in bad faith were insufficient to defeat summary judgment in favor of the defendants *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276; *Mayo, Lynch & Assocs. v Fine,* 148 AD2d 424). Therefore, there was no genuine issue of fact so as to preclude the granting of summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 560; *Henri-Lynn Realty v Huang,* 159 AD2d 486).

In light of our determination, we need not reach the plaintiff's remaining contentions. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.