■ MICHAEL LIEBGOLD, Appellant, v HOFSTRA UNIVERSITY et al., Respondents. [664 NYS2d 831] —In an action to recover damages for libel, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), entered October 9, 1996, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs payable to the respondent The Chronicle.

The Supreme Court properly dismissed the plaintiff's libel action. The complaint and the challenged newspaper articles appended thereto unequivocally demonstrate that the articles contain substantially truthful factual assertions and that, when read as a whole and in the appropriate context, the articles are not reasonably susceptible of a defamatory connotation (*see generally, Armstrong v Simon & Schuster,* 85 NY2d 373; *Weiner v Doubleday & Co.,* 74 NY2d 586, *cert denied* 495 US 930; *Aronson v Wiersma,* 65 NY2d 592; *James v Gannett Co.,* 40 NY2d 415). Moreover, the article reporting on the judicial proceedings involving the plaintiff is protected under the provisions of Civil Rights Law § 74 (*see, Holy Spirit Assn. for Unification of World Christianity v New York Times Co.,* 49 NY2d 63; *Glendora v Gannett Suburban Newspapers,* 201 AD2d 620; *Becher v Troy Publ. Co.,* 183 AD2d 230).

The plaintiff similarly has failed to state a cause of action for libel with respect to the newspaper editorial which he challenges inasmuch as the statements therein do not accuse him of rape. Furthermore, consideration of the editorial in its entirety and under the surrounding circumstances demonstrates that it consists of nonactionable expressions of opinion (*see, Millus v Newsday, Inc.,* 89 NY2d 840, *cert denied* 520 US 1144; *Brian v Richardson,* 87 NY2d 46; *Rappaport v VV Publ. Corp.,* 223 AD2d 515).

The plaintiff's remaining contentions are either without merit or have been rendered academic by reason of the forego-

ing analysis. Bracken, J. P., O'Brien, Sullivan and Santucci, JJ., concur.