ROBERT E. HAYES, Respondent, v CASE-HOYT CORPORATION, Appellant. [692 NYS2d 292] —Order unanimously reversed on the law without costs, motion denied and counterclaims reinstated. Memorandum: Plaintiff, formerly employed by defendant printing company as a commissioned sales representative, commenced this action seeking to recover commissions allegedly earned by him for sales he made prior to his resignation. Supreme Court erred in granting plaintiff's motion for partial summary judgment dismissing defendant's counterclaims. The first counterclaim alleges that plaintiff, while still employed by defendant, breached his duty of loyalty to defendant by soliciting one of defendant's long-standing customers, Mannington Mills, to cease doing business with defendant and to place orders with a competing company (*see, A.S. Rampell, Inc. v Hyster Co.*, 3 NY2d 369, 377; *Catalogue Serv. v Wise*, 63 AD2d 895). The second counterclaim alleges that plaintiff, while still employed by defendant, tortiously interfered with defendant's business relations with Mannington Mills. Even assuming, arguendo, that plaintiff met his initial burden, we conclude that defendant raised triable issues of fact. In opposition to plaintiff's motion for partial summary judgment, defendant submitted the affidavit of a former officer of one of defendant's competitors in the printing business who averred that plaintiff met with him about a month and a half before he resigned his employment with defendant and told him that he was seeking other employment and was "fairly certain" that he could induce Mannington to take its business away from defendant and place it with a competitor. Defendant would be entitled to damages for interference with contractual rights if "the alleged means employed by the one interfering were wrongful * * * as in violation of a duty of fidelity owed to the [defendant] by the [plaintiff] by reason of a relation of confidence existing between them" (*Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 194). Defendant raised triable issues of fact whether plaintiff, while still employed by defendant, breached his duty of loyalty to defendant by soliciting one of defendant's customers to place its work with a competitor and whether plaintiff employed "wrongful means" in doing so (*see, Butler v Delaware*

*Otsego Corp.*, 234 AD2d 639). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.