■ LENZ HARDWARE, INC., et al., Appellants, v TERRY WILSON, Respondent. [692 NYS2d 814] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Best, J.), entered May 15, 1998 in Montgomery County, which, *inter alia*, granted defendant's motion to dismiss the complaint for failure to state a cause of action.

This action has its origin in an advertisement placed in a pennysaver publication by defendant, who is a member of the limited liability company that operates a hardware store known as St. Johnsville Hardware and Gifts. The advertisement, which provided a comparison of St. Johnsville's prices with that of a local competitor, plaintiff Lenz Hardware, Inc., also

included the following language: "No Coupon Necessary at St. Johnsville Hardware We have friendly, fast service *We Speak English*, Plumbing, Farming and Dabble in Pig Latin St. Johnsville Hardware Gifts" (emphasis supplied). Lenz's vice-president, plaintiff Myong S. Daley, is an American citizen of Korean origin. The thrust of plaintiffs' complaint is that the phrase "We Speak English" was defamatory inasmuch as it impugned the English language skills of those employed by Lenz, including Daley.

After joinder of issue, defendant moved pursuant to CPLR 3211 (a) (7) to dismiss plaintiffs' complaint on grounds that it failed to state a cause of action and for nonjoinder of St. Johnsville as a necessary party. Supreme Court dismissed the complaint, prompting this appeal by plaintiffs.

At issue is whether Supreme Court properly concluded that the advertisement's language was not defamatory. A court making a determination as to whether a statement is defamatory must not isolate the allegedly defamatory words, but must "consider them in context, and give the language a natural reading rather than strain to read it as mildly as possible at one extreme, or to find ,defamatory innuendo at the other" (*Weiner v Doubleday & Co.*, 74 NY2d 586, 593, *cert denied* 495 US 930; *see, James v Gannett Co.*, 40 NY 2d 415, 419-420). "Where a plaintiff alleges that statements are false and defamatory, the legal question for the court on a motion to dismiss is whether the contested statements are reasonably susceptible of a defamatory connotation" (*Armstrong v Simon & Schuster*, 85 NY2d 373, 380; *see, Weiner v Doubleday & Co., supra*).

Applying these principles to the matter at hand, we agree with Supreme Court's determination. Viewed in the context of the advertisement, the phrase "We Speak English" is not, in our judgment, susceptible of a defamatory connotation for although Lenz is alluded to by name in the advertisement, it is only with regard to a comparison of its prices with those of St. Johnsville. Furthermore, this phrase appears at the bottom of the advertisement in a paragraph which is separate and distinct from any reference to Lenz and thus it could not reasonably be concluded that it was intended to apply to it. As for Daley's claim that this language disparages her English language skills as a Korean-American to the detriment of her business, it suffices to note that she was not named in the advertisement (*see, Jackson v Quinn*, 187 AD2d 1040, 1041, *lv denied* 81 NY2d 706) nor is it likely that one could infer her identity from the contents of the publication itself (*compare, Cuthbert v National Org. for Women*, 207 AD2d 624, 626).

Mikoll, J. P. and Mercure, J., concur.

Peters, J. (dissenting). We believe that the use of the phrase "We Speak English" in the context of the advertisement at issue is susceptible of a defamatory connotation. In assessing whether the complaint meets the minimum standard necessary to resist its dismissal (see, *Armstrong v Simon & Schuster*, 85 NY2d 373, 380; *James v Gannett Co.*, 40 NY2d 415, 419-420; cf., *Liebgold v Hofstra Univ.*, 245 AD2d 272, *lv denied* 91 NY2d 811), we think that the majority should have found relevant the population of the community where the competing hardware stores are located (approximately 1,800 people) and the limited area where the advertisement was circulated (the Mohawk Valley My Shopper Newspaper) (see, *James v Gannett Co., supra*, at 420). Read in the context of the entire advertisement expressly comparing these competing rural hardware stores, such phrase clearly appears intended to impugn the English language skills of plaintiff Myong S. Daley, vicepresident of plaintiff Lenz Hardware, Inc., who is a KoreanAmerican (see, *Weiner v Doubleday & Co.*, 74 NY2d 586; *James v Gannett Co., supra*).

Applying the law to these facts, we would find the complaint "reasonably susceptible of a defamatory connotation" (*Armstrong v Simon & Schuster, supra*, at 380; see, *Weiner v Doubleday & Co., supra*) and would reverse Supreme Court's order.

Crew III, J., concurs. Ordered that the order is affirmed, with costs.