■ GREAT AMERICAN TRUCKING COMPANY, INC., Respondent, v BRIAN P. SWIECH et al., Appellants. [700 NYS2d 632] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied those parts of defendants' motion for summary judgment seeking dismissal of the first and third causes of action. Plaintiff asserts in the first cause of action that defendant Brian P. Swiech breached his duty of loyalty to plaintiff and in the third cause of action that defendants tortiously interfered with plaintiff's business relations. Viewing the record in the light most favorable to the nonmoving party (see, Victor Temporary Servs. v Slattery, 105 AD2d·1115, 1117), we conclude that there is a triable issue of fact whether Swiech breached his duty of loyalty to plaintiff, his employer, by lessening his work on behalf of his employer before he terminated his employment or by misappropriating to his own use business secrets or special knowledge of his employer (see, Feiger v Iral Jewelry, 41 NY2d 928; Maritime Fish Prods. v World-Wide Fish Prods., 100 AD2d 81, 88, lv dismissed 63 NY2d 675). Likewise, there is a triable issue of fact whether defendants interfered with plaintiff's business relations arising from the alleged violation by Swiech of his duty of fidelity to plaintiff in his interactions with plaintiff's landlord, drivers and customers (see, Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183; Hayes v Case-Hoyt Corp., 262 AD2d 1018).

The court erred, however, in failing to grant that part of defendants' motion seeking dismissal of the second cause of action, alleging the diversion of goodwill by defendant Ricky W. Vanderbush. In 1992 Vanderbush sold stock (one-third

interest) in plaintiff's corporation to the remaining two stockholders and executed a non-compete agreement. In subsequent litigation, Vanderbush and plaintiff entered into a mutual release, which provides in relevant part: "Whereas, on April 1, 1992, [plaintiff] and Vanderbush entered into a Stock Purchase Agreement and Non-Compete Agreement for the period commencing April 2, 1992 and ending June 30, 1993 (hereinafter referred to as 'Agreements'); * * * GATC * * * do[es] hereby mutually, acquit and forever discharge Vanderbush, his successors, agents, heirs, representatives, and assigns, of and from any and all liability damages, claims, causes of action, either in law or equity and losses of any kind and nature whether known or unknown, actual or contingent, liquidated or unliquidated, developed or undeveloped, they have, may have or might now or hereafter have against Vanderbush resulting from or in any way pertaining to or arising out of the agreements upon which the Litigation was based." The unambiguous language of that release discharged Vanderbush from all covenants, including the implied covenant of non-solicitation arising from the 1992 stock purchase agreement, which is the basis for the second cause of action (*see, Goldome Corp. v Wittig*, 221 AD2d 931, 932-933).

The court further erred in failing to grant that part of defendants' motion seeking dismissal of the fourth cause of action, alleging prima facie tort. That cause of action cannot be sustained "unless a 'disinterested malevolence' to injure plaintiff constitutes the sole motivation for defendants' otherwise lawful act" (*Backus v Planned Parenthood of Finger Lakes*, 161 AD2d 1116, 1117). Because defendants' actions were undertaken in part for business reasons, malevolence is not the sole motivation for defendants' actions (*see, Forken v CIGNA Corp.*, 234 AD2d 992, 992-993; *Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, 919, *lv dismissed* 76 NY2d 936; *LeFebvre v New York Life Ins. & Annuity Corp.*, 214 AD2d 911, 913).

Consequently, we modify the order by granting defendants' motion in part and dismissing the second and fourth causes of action. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Balio, JJ.