■ NEW HAMPSHIRE INSURANCE COMPANY, as Subrogee of LINKS CLUB, INC., Respondent, v MARIA SERENA BARTHA et al., Appellants, et al., Defendants. [858 NYS2d 127]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered September 19, 2007, which, to the extent appealed

from, denied the individual defendants' motion to dismiss the complaint as against them for failure to state a cause of action, imposed costs upon their counsel, and granted plaintiff's cross motion for leave to amend the complaint to add certain allegations against the individual defendants, unanimously reversed, on the law, with costs, defendants' motion granted, the imposition of costs vacated, and plaintiff's cross motion denied.

In the matrimonial action brought by defendant Cordula Bartha against her then-husband, the decedent herein, this Court held, inter alia, that a certain townhouse constituted marital property and that therefore Cordula was entitled to share in its value (*see Bartha v Bartha*, 15 AD3d 111, 115-117 [2005]). On or about July 10, 2006, the decedent, unwilling to accept that the townhouse was marital property, set off an explosion on the premises that destroyed the building and caused fatal injuries to himself. There followed numerous lawsuits against the decedent's estate by individuals and entities seeking damages for injury to persons or property due to the decedent's wrongful conduct in blowing up the house. Plaintiff New Hampshire Insurance Company commenced the instant action on behalf of its insured, the Links Club, not only as against the estate but also as against Cordula Bartha and the couple's two daughters, one of whom had been appointed administrator of the estate, in their individual capacities.

Irrespective of any viable claims that plaintiff might have against either the decedent's estate or defendant Consolidated Edison arising out of the decedent's conduct in destroying his property, it has none as against any of the individual defendants. Cordula Bartha had been divorced from the decedent for several years, and neither she nor the couple's two daughters had resided with him since October 2001. None of them had either authority to control the decedent's actions (*see Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8 [1988]) or a relationship with the Links Club that required them to protect it from the conduct of others (*see Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 233 [2001]). Contrary to plaintiff's contention, the decision in the matrimonial action, while it had the effect of making Cordula an owner of the townhouse, did not render her liable for the decedent's conduct. Indeed, her position was akin to that of an out-of-possession judgment creditor who neither maintained nor controlled the premises where an injury-causing event occurred (*see Moran v Regency Sav. Bank, F.S.B.*, 20 AD3d 305, 306 [2005]).

In the absence of a viable cause of action against the individual defendants, plaintiff should not have been afforded leave to amend its complaint (*see Wieder v Skala*, 168 AD2d 355 [1990]).

In the circumstances presented, particularly as the record discloses no noncompliance with any judicial directive, the imposition of costs upon defendants' counsel was improper. Concur—Tom, J.P., Williams, Catterson and Acosta, JJ.