■ OUT OF THE BOX PROMOTIONS, LLC, et al., Respondents, v AVI KOSCHITZKI et al., Appellants. [866 NYS2d 677]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated May 10, 2007, as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss the third, fifth, sixth, eighth, ninth, and tenth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

According to the complaint, the plaintiff Paul Hellman and the defendant Avi Koschitzki were the sole members and 50%

shareholders of the plaintiff Out of the Box Promotions, LLC (hereinafter Out of the Box or the company), which they formed in 2003 for the design, manufacture, and sale of promotional products to various businesses. The complaint alleges numerous acts of misconduct on the part of Koschitzki, including using an Out of the Box credit account to credit his personal debit card and using company accounts for personal matters, such as sending items to his home, shipping furniture from China, and purchasing items at Home Depot and other retailers. Additionally, the complaint alleges that Koschitzki used the defendant company Kosch Design, LLC (hereinafter Kosch Design), doing business as "Out of the Box Group," which he formed without Hellman's knowledge, to divert orders from current customers of Out of the Box to Kosch Design, and undermined the confidence of potential customers of Out of the Box by informing them, falsely, that the company was financially unsound and would not be able to fill their orders.

The defendants moved pursuant to CPLR 3211 (a) (1), (3), and (7) to dismiss the complaint on the grounds that Hellman was not a member of Out of the Box and, therefore, lacked standing to bring the action, that even if he were a member, a nonmajority member of a limited liability corporation (hereinafter LLC) may not commence a derivative action on behalf of the LLC, and that, in any event, the complaint fails to state a cause of action.

Upon a motion to dismiss pursuant to CPLR 3211, the pleadings must be afforded a liberal construction, and the plaintiffs accorded "the benefit of every possible favorable inference" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "A motion to dismiss pursuant to CPLR 3211 (a) (1) may be granted only where 'the documentary evidence that forms the basis of the defense [is] such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claims' " (*HSBC Bank USA, N.A. v Decaudin*, 49 AD3d 694, 695 [2008], quoting *Saxony Ice Co., Div. of Springfield Ice Co., Inc. v Ultimate Energy Rest. Corp.*, 27 AD3d 445, 446 [2006]; *see McMorrow v Dime Sav. Bank of Williamsburgh*, 48 AD3d 646 [2008]; *Museum Trading Co. v Bantry*, 281 AD2d 524, 525 [2001]).

The Supreme Court properly found that the documentation submitted by the defendants in support of those branches of their motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (3) for lack of standing failed to conclusively establish that Hellman was not a member of Out of

the Box. As to the issue of whether a nonmajority member may bring a derivative action on behalf of an LLC, the Court of Appeals recently decided this matter in *Tzolis v Wolff* (10 NY3d 100, 103, 109 [2008]), concluding that "derivative suits should be recognized even though no statute provides for them," and holding that "members of LLCs may sue derivatively".

The Supreme Court also properly denied those branches of the motion which were to dismiss the fifth, sixth, and eighth causes of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. "In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept as true the facts alleged in the complaint and afford the plaintiffs the benefit of every possible favorable inference in determining whether the complaint states any legally cognizable cause of action" (*Schenkman v New York Coll. of Health Professionals*, 29 AD3d 671, 672 [2006]; *see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]).

The fifth cause of action alleges wrongful interference with prospective contractual relations. Where, as here, the alleged interference was with prospective contractual relationships, rather than existing contracts, "a plaintiff must show that the defendant interfered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff or by means that were unlawful or improper" (*Nassau Diagnostic Imaging & Radiation Oncology Assoc. v Winthrop-University Hosp.*, 197 AD2d 563, 563-564 [1993]; *see Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191 [1980]; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, 247 AD2d 565, 568 [1998]).

As the Supreme Court correctly found, the facts alleged in the complaint establish that the defendants' actions were motivated, at least in part, by economic self interest. Since they cannot be characterized as "solely malicious," the plaintiffs had to allege facts demonstrating that the means employed by the defendants were wrongful (*Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d at 191; *Nassau Diagnostic Imaging & Radiation Oncology Assoc. v Winthrop-University Hosp.*, 197 AD2d at 564). "Wrongful means" include "fraudulent representations, threats, or a violation of a duty of fidelity owed to the plaintiff by reason of a confidential relationship between the parties" (*Jurlique, Inc. v Austral Biolab Pty.*, 187 AD2d 637, 639 [1992]; *see Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d at 191; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, 247 AD2d at 568).

As a manager of the company, Koschitzki owed a fiduciary duty to both of the plaintiffs (*see* Limited Liability Company Law § 409 [a]; *Birnbaum v Birnbaum*, 73 NY2d 461, 465-466 [1989]; *Nathanson v Nathanson*, 20 AD3d 403, 404 [2005]). Since the complaint alleged facts demonstrating that the means employed by Koschitzki were wrongful, as they violated the duty of fidelity he owed the plaintiffs, the complaint stated a cause of action alleging wrongful interference with prospective contractual relations (*see Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183 [1980]; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, 247 AD2d 565 [1998]; *Nassau Diagnostic Imaging & Radiation Oncology Assoc. v Winthrop-University Hosp.*, 197 AD2d 563 [1993]).

The complaint also stated a cause of action to recover damages for unfair competition. A cause of action based on unfair competition may be predicated upon trademark infringement or dilution in violation of General Business Law §§ 360-k and 360-*l*, or "upon the alleged bad faith misappropriation of a commercial advantage belonging to another 'by exploitation of proprietary information or trade secrets' " (*Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc.*, 20 AD3d 439, 440 [2005], quoting *Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1203 [1998]). The complaint stated a cause of action alleging unfair competition on both of the above grounds. The complaint alleged that, in doing business as Out of the Box Group, Koschitzki purposely "caused confusion or mistake" to divert business from Out of the Box to Kosch Design, and alleged that Koschitzki appropriated Out of the Box's customers and used the credit of Out of the Box for his own new company.

The facts set forth in the eighth cause of action, alleging "solicitation of the customers of Out of the Box through false statements of the financial instability of the company," although inartfully pleaded (*see generally Smith v Meridian Tech., Inc.*, 52 AD3d 685 [2008]; *Sheroff v Dreyfus Corp.*, 50 AD3d 877 [2008]), are sufficient to make out a cause of action alleging breach of fiduciary duty. Moreover, as these facts are not set forth elsewhere in the complaint, the cause of action is not duplicative of any of the other causes of action (*see Sitar v Sitar*, 50 AD3d 667, 670 [2008]; *New York Med. Coll. v Histogenetics, Inc.*, 6 AD3d 410, 411 [2004]). Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur. [*See* 15 Misc 3d 1134(A), 2007 NY Slip Op 50973(U).]