EMERGENCY ENCLOSURES, INC., Appellant-Respondent, v NATIONAL FIRE ADJUSTMENT CO., INC., Appellant, and MASTER CARE RESTORATION, INC., Respondent. (Appeal No. 1.) [893 NYS2d 414]—

Memorandum: Plaintiff commenced this action alleging, inter alia, that defendants, Master Care Restoration, Inc. (Master Care) and National Fire Adjustment Co., Inc. (NFA), conspired to injure plaintiff's business prospects and to interfere with plaintiff's contractual relationships. Plaintiff is in the business of securing, cleaning and repairing property damaged as a result of fire or weather-related disasters. Master Care is a competing provider of such services, and NFA is a firm that assists individuals and companies with fire losses in negotiations with their insurers. Plaintiff asserted nine causes of action for, inter alia, prima facie tort, tortious interference with business opportunity, unfair competition, injurious falsehood and defamation. It attached several documents to the complaint, including a letter sent by Master Care to the Monroe County Executive

indicating that an unnamed competitor was claiming an affiliation with local fire departments in order to gain an unfair advantage in accessing fire scenes and soliciting clients. Plaintiff also attached a brochure distributed by Master Care that refers to a " 'board-up guy,' " who, according to Master Care, overcharges for emergency enclosure services. NFA asserted a counterclaim for defamation, alleging that plaintiff willfully and maliciously sent a copy of the complaint, which contains false information, to a local newspaper for the purpose of damaging NFA's reputation and business.

By the order in appeal No. 1, Supreme Court granted the motion of Master Care to dismiss the complaint against it pursuant to CPLR 3211 (a) (7); denied plaintiff's cross motion for leave to amend the complaint; granted plaintiff's motion to dismiss the counterclaim; and denied NFA's cross motion for leave to amend the counterclaim.

Contrary to plaintiff's contention in appeal No. 1, Supreme Court properly granted Master Care's motion. With respect to the cause of action for prima facie tort, insofar as it is asserted against Master Care, and the cause of action for injurious falsehood, asserted only against Master Care, we conclude that plaintiff failed to plead special damages with sufficient particularity, an essential element of both causes of action (*see Epifani v Johnson*, 65 AD3d 224, 233 [2009]; *L.W.C. Agency v St. Paul Fire & Mar. Ins. Co.*, 125 AD2d 371, 373 [1986]). "In pleading special damages, actual losses must be identified and causally related to the alleged tortious act" (*L.W.C. Agency*, 125 AD2d at 373; *see Ginsberg v Ginsberg*, 84 AD2d 573, 574 [1981]). "[G]eneral allegations of lost sales from unidentified lost customers are insufficient" (*DiSanto v Forsyth*, 258 AD2d 497, 498 [1999]), and plaintiff failed to plead the requisite causal relationship between the alleged special damages and any specific action by Master Care (*see Smukler v 12 Lofts Realty*, 156 AD2d 161, 163 [1989], *lv denied* 76 NY2d 701 [1990]). With respect to the prima facie tort cause of action, plaintiff also failed to allege that "a disinterested malevolence to injure plaintiff constitute[d] the sole motivation for [Master Care's] otherwise lawful [conduct]" (*Great Am. Trucking Co. v Swiech*, 267 AD2d 1068, 1069 [1999] [internal quotation marks omitted]; *see Backus v Planned Parenthood of Finger Lakes*, 161 AD2d 1116, 1117 [1990]).

With respect to the cause of action for tortious interference with business opportunity, asserted only against Master Care, plaintiff alleged that Master Care's letter to the Monroe County Executive disparaged plaintiff and interfered with prospective contractual relationships. "Where . . . the alleged interference

was with prospective contractual relationships, rather than existing contracts, 'a plaintiff must show that the defendant interfered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff or by means that were unlawful or improper' " (*Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575, 577 [2008]). According to the allegations in the complaint, Master Care was plaintiff's competitor, and we thus conclude therefrom that the distribution of the letter by Master Care was intended, at least in part, to advance its competing business interests. Inasmuch as Master Care's actions "cannot be characterized as 'solely malicious,' " and Master Care did not employ wrongful means, i.e., " 'fraudulent representations, threats, or a violation of a duty of fidelity owed to the plaintiff by·reason of a confidential relationship,' " we conclude that plaintiff failed to state a cause of action for tortious interference with business opportunity (*Out of Box Promotions*, 55 AD3d at 577; *see Fantaco Enters. v Iavarone*, 161 AD2d 875, 877 [1990]).

Plaintiff also failed to state a cause of action against Master Care for a violation of General Business Law § 349. The gravamen of the complaint is not consumer injury or harm to the public interest but, rather, harm to plaintiff's business (*see Gucci Am., Inc. v Duty Free Apparel, Ltd.*, 277 F Supp 2d 269, 273 [2003]), and plaintiff failed to allege actual injury (*see Smith v Chase Manhattan Bank, USA*, 293 AD2d 598, 599 [2002]). In addition, the bare allegations set forth in the cause of action for unfair competition, insofar as it is asserted against Master Care, lack the requisite elements to support such a cause of action (*see Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1203 [1998], *lv denied* 688 NYS2d 372 [1999]).

In the cause of action for defamation, asserted only against Master Care, plaintiff failed to set forth the allegedly defamatory statements in the complaint (*see* CPLR 3016 [a]; *see also Keeler v Galaxy Communications, LP*, 39 AD3d 1202 [2007]). Although plaintiff alleged in a conclusory manner that defamatory statements were included in the letter sent by Master Care to the Monroe County Executive and in its brochure, plaintiff failed to sufficiently allege that the letter and brochure, which did not name plaintiff, were " 'of and concerning' " plaintiff (*Jackson v Quinn*, 187 AD2d 1040, 1041 [1992], *lv denied* 81 NY2d 706 [1993]; *see Lenz Hardware v Wilson*, 263 AD2d 632, 633 [1999], *affd* 94 NY2d 913 [2000]). Moreover, it is well settled that "[a] person's statements of opinion are constitutionally protected" (*Boulos v Newman*, 302 AD2d 932, 932 [2003]), and "[m]ere allegations, rather than objective statements of fact,

are not actionable" (*id.* at 933). Thus, even assuming, arguendo, that the "competitor[ ]" referenced in the letter and the " 'board-up guy' " referenced in the brochure pertain to plaintiff, we conclude that the statements constitute "nonactionable opinion" (*id.* at 933).

Inasmuch as plaintiff failed to state a cause of action with respect to any of the aforementioned causes of action against Master Care, the cause of action for conspiracy based on the same facts and allegations, insofar as it is asserted against Master Care, was also properly dismissed (*see Duane v Prescott,* 134 AD2d 560, 561 [1987], *lv denied* 72 NY2d 801 [1988]). Further, we conclude that the cause of action for injunctive relief, insofar as it is asserted against Master Care, was properly dismissed. "[T]here is no basis for injunctive relief" inasmuch as plaintiff has failed to state any cause of action against Master Care (*Matter of Davis v Dinkins,* 206 AD2d 365, 368 [1994], *lv denied* 85 NY2d 804 [1995]).

Contrary to the further contention of plaintiff in appeal No. 1, the court did not abuse its discretion in denying its cross motion for leave to amend the complaint. "Although leave to amend should be freely granted, it is properly denied where the proposed amendment[s are] lacking in merit" (*Manufacturers & Traders Trust Co. v Reliance Ins. Co.,* 8 AD3d 1000, 1001 [2004]). Plaintiff's proposed amendments included additional references to the letter sent by Master Care to the Monroe County Executive and additional references to its brochure. Both the letter and the brochure, however, were attached to the original complaint, and the court determined, even in view of the letter and brochure, that Master Care established its entitlement to judgment as a matter of law dismissing the complaint against it (*see generally New Hampshire Ins. Co. v Bartha,* 51 AD3d 480, 481 [2008], *lv dismissed in part and denied in part* 11 NY3d 771 [2008]).

We reject the contention of NFA in appeal No. 1 that the court erred in granting plaintiff's motion to dismiss NFA's counterclaim for defamation based on plaintiff's alleged submission of the complaint to a local newspaper. Pursuant to Civil Rights Law § 74, "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding . . . ." The protection afforded by the statute "extends not only to a transcript of the proceeding itself, but also to any pleading made within the course of the proceeding" (*Branca v Mayesh,* 101 AD2d 872, 873 [1984], *affd* 63 NY2d 994 [1984]; *see also Lacher v Engel,* 33 AD3d 10, 17 [2006]). Contrary to NFA's contention, the

counterclaim does not fit within the exception to the statute set forth in *Williams v Williams* (23 NY2d 592, 598-599 [1969]), inasmuch as NFA failed to allege that the action was commenced solely for the purpose of defaming it (*see Branca*, 101 AD2d at 873).

We further conclude in appeal No. 1 that the court properly denied the cross motion of NFA for leave to amend its counterclaim. In support of its cross motion, NFA failed to allege that the proposed amendments were based on new facts or that it was unaware of those facts when it asserted the counterclaim (*see Smith v Bessen*, 161 AD2d 847, 848-849 [1990]; *Axelrod v Axelrod*, 106 AD2d 913 [1984]).

In appeal No. 2, NFA contends that the court erred in denying its motion for summary judgment dismissing the complaint against it. In support of that contention, NFA relies on a statement by the court in its order in appeal No. 1 that it was "not convinced that plaintiff . . . has demonstrated any actionable conduct directed against it by either defendant." NFA contends, based on that statement, that its motion in appeal No. 2 should have been granted based on the doctrine of law of the case. We reject that contention. The doctrine of law of the case "applies only to issues that have been judicially determined" (*Edgewater Constr. Co., Inc. v 81 & 3 of Watertown, Inc.* [appeal No. 2], 24 AD3d 1229, 1231 [2005]) and "to the same question in the same case" (*Tillman v Women's Christian Assn. Hosp.*, 272 AD2d 979, 980 [2000] [internal quotation marks omitted]). Here, the issues presented by NFA's motion were not "judicially determined" by the court in the order in appeal No. 1 (*Edgewater Constr. Co., Inc.*, 24 AD3d at 1231).

We conclude that NFA failed to establish its entitlement to judgment as a matter of law with respect to the causes of action against it, with the exception of the cause of action for conspiracy, insofar as it is asserted against NFA. The court dismissed the complaint against Master Care, including the conspiracy cause of action, and " '[a]llegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort' " (*Transit Mgt., LLC v Watson Indus., Inc.*, 23 AD3d 1152, 1155-1156 [2005], quoting *Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]). Master Care is no longer a defendant in this action, and thus no cause of action for civil conspiracy lies against NFA (*see id.*). We therefore modify the judgment and order in appeal No. 2 accordingly. Present—Martoche, J.P., Peradotto, Green and Pine, JJ.