# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1526**
**CA 10-00992**
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND SCONIERS, JJ.

---

10 ELLICOTT SQUARE COURT CORPORATION, DOING
BUSINESS AS ELLICOTT DEVELOPMENT CO., LLC,
1097 GROUP, LLC, AND 4628 GROUP, INC.,
PLAINTIFFS-APPELLANTS,

V                                               MEMORANDUM AND ORDER

VIOLET REALTY, INC., VIOLET REALTY, INC.,
DOING BUSINESS AS MAIN PLACE LIBERTY GROUP,
AND PATRICK HOTUNG, DEFENDANTS-RESPONDENTS.

---

MOSEY PERSICO, LLP, BUFFALO (JENNIFER C. PERSICO OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

THE KNOER GROUP, PLLC, BUFFALO (ROBERT E. KNOER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (John M. Curran, J.), entered February 10, 2010.
The order and judgment granted the motion of defendants to dismiss the
complaint and for summary judgment.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum:  In this action to recover damages for, inter alia,
tortious interference with prospective economic advantage, plaintiffs
appeal from an order and judgment granting that part of defendants'
motion seeking to dismiss the complaint, as well as those parts of the
motion seeking summary judgment dismissing the second and sixth causes
of action.

Contrary to plaintiffs' contention, Supreme Court properly
granted that part of the motion seeking to dismiss the complaint.
When reviewing "a motion to dismiss pursuant to CPLR 3211, we must
accept as true the facts as alleged in the complaint and submissions
in opposition to the motion, accord plaintiffs the benefit of every
possible favorable inference and determine only whether the facts as
alleged fit within any cognizable legal theory" (*Sokoloff v Harriman
Estates Dev. Corp.*, 96 NY2d 409, 414; *see Leon v Martinez*, 84 NY2d 83,
87-88).  Applying that standard, we conclude that the court properly
granted the motion with respect to the first cause of action, alleging
tortious interference with prospective economic advantage.  "Where, as
here, the alleged interference was with prospective contractual

relationships, rather than existing contracts, '[the] plaintiff[s] must show that the defendant[s] interfered with the plaintiff[s'] business relationships either with the sole purpose of harming the plaintiff[s] or by means that were unlawful or improper' " (*Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575, 577; *see Emergency Enclosures, Inc. v National Fire Adj. Co., Inc.*, 68 AD3d 1658, 1660-1661). Unlawful or improper means, sometimes referred to as wrongful means, may include physical violence, fraud, misrepresentation, civil suits, criminal prosecutions and economic pressure (*see Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191).

Here, plaintiffs alleged that defendants tortiously interfered with their business relations by commencing four civil suits. Contrary to plaintiffs' contention, however, "civil suits and threats thereof constitute 'improper means' only if such tactics are frivolous" (*Pagliaccio v Holborn Corp.*, 289 AD2d 85; *see generally Carvel Corp. v Noonan*, 3 NY3d 182, 192), and that is not the case here. Plaintiffs stipulated to a settlement of the first civil suit and, although this Court affirmed the judgments in two of the civil suits that, inter alia, dismissed the petitions, we nevertheless concluded that the litigation was not frivolous (*see Matter of Violet Realty, Inc. v City of Buffalo Planning Bd.*, 20 AD3d 901, 904, *lv denied* 5 NY3d 713). Further, plaintiffs failed to allege that the remaining civil suit was frivolous.

Plaintiffs also failed to allege that defendants acted solely to harm plaintiffs. To the contrary, the complaint, as well as the affidavits submitted by plaintiffs in opposition to defendants' motion (*see Martino v Stolzman*, 74 AD3d 1764, 1765-1766, *appeal dismissed* 15 NY3d 890), repeatedly allege that defendants were motivated by their desire to acquire the subject properties for their own business purposes (*see Besicorp, Ltd. v Kahn*, 290 AD2d 147, 150, *lv denied* 98 NY2d 601).

Contrary to the further contention of plaintiffs, the court properly granted that part of the motion seeking to dismiss as time-barred the second cause of action, alleging tortious interference with prospective economic advantage. It is well settled that a three-year statute of limitations applies to such a cause of action (*see Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d 40, 48, *lv dismissed in part and denied in part* 14 NY3d 736). The court concluded, based on a document that they failed to include in the record on appeal, that plaintiffs agreed that the second cause of action concerned their attempts to acquire the property at 30 Court Street. Plaintiffs do not dispute that they purchased that property more than three years prior to the commencement of this action and thus that they created a contractual relationship at that time. "Because plaintiff[s] and [the seller of that property] had already entered into a contract, plaintiff[s] failed to plead any prospective business relationship" upon which the second cause of action may be based (*Nicosia v Board of Mgrs. of Weber House Condominium*, 77 AD3d 455, 457).

Plaintiffs contend that the court erred in granting those parts

of the motion seeking to dismiss as time-barred the third through fifth causes of action, for malicious prosecution, abuse of process and prima facie tort, respectively, because the statute of limitations did not begin to run with respect to those causes of action until the Court of Appeals denied their motion for leave to appeal from the judgment dismissing the last of the four civil suits commenced by defendants. We reject that contention. A cause of action for malicious prosecution is governed by a one-year statute of limitations, which begins to run upon termination of the underlying lawsuit (*see* CPLR 215 [3]; *Syllman v Nissan*, 18 AD3d 221; *Dudick v Gulyas*, 277 AD2d 686, 688). A one-year statute of limitations also governs a cause of action for abuse of process (*see Benyo v Sikorjak*, 50 AD3d 1074, 1077; *Beninati v Nicotra*, 239 AD2d 242), as well as a cause of action for intentional prima facie tort (*see Casa de Meadows Inc. [Cayman Is.] v Zaman*, 76 AD3d 917, 921; *Yong Wen Mo v Gee Ming Chan*, 17 AD3d 356, 358). It is long settled that those causes of action accrue "when plaintiff[s] first become[] entitled to maintain the action[, ]i.e., when there is a determination favorable to plaintiff[s], notwithstanding the pendency of an appeal" (*Lombardo v County of Nassau*, 6 Misc 3d 836, 840; *see also Marks v Townsend*, 97 NY 590, 594-595; *Reed Co. v International Container Corp.*, 43 F Supp 644, 645). Consequently, the causes of action for malicious prosecution, abuse of process and prima facie tort accrued upon dismissal of the underlying civil lawsuits, the last of which occurred more than one year prior to the commencement of this action.

Even assuming, arguendo, that a three-year statute of limitations applies to the prima facie tort cause of action (*see Barrett v Huff*, 6 AD3d 1164, 1166; *Stacom v Wunsch*, 173 AD2d 401, *lv denied* 78 NY2d 859), we conclude that the court properly granted the motion with respect thereto for failure to state a cause of action. To state a cause of action for prima facie tort under the circumstances of this case, the complaint must allege that defendants' sole motivation for the otherwise lawful conduct was " 'a disinterested malevolence to injure plaintiff[s]' " (*Emergency Enclosures, Inc.*, 68 AD3d at 1660; *see Great Am. Trucking Co. v Swiech*, 267 AD2d 1068, 1069). Here, however, the complaint and the affidavits submitted in opposition to the motion repeatedly allege that defendants acted in their own economic interest (*see Niagara Mohawk Power Corp. v Testone*, 272 AD2d 910, 911-912; *Great Am. Trucking Co.*, 267 AD2d at 1069).

Inasmuch as we conclude that the court properly granted that part of defendants' motion seeking to dismiss the complaint, the contentions of the parties concerning that part of the motion seeking summary judgment dismissing the second and sixth causes of action are moot. We have considered plaintiffs' remaining contentions and conclude that they are without merit.

Entered: February 10, 2011                    Patricia L. Morgan
                                              Clerk of the Court