■ WASTE DISTILLATION TECHNOLOGY, INC., Respondent-Appellant, v BLASLAND & BOUCK ENGINEERS, P. C., et al., Appellants-Respondents.—In an action, *inter alia,* to recover damages for unfair competition, trade libel and prima facie tort, (1) the defendants appeal from so much of an order of the Supreme Court, Westchester County (Martin, J.), entered June 26, 1986, as, upon reargument, adhered to that portion of an original determination made in an order dated May 7, 1986, as denied that branch of their motion which was to dismiss the third cause of action asserted in the complaint for failure to state a cause of action, and (2) the plaintiff cross-appeals from so much of the same order, as, upon reargument, modified the original determination denying the defendants' motion to dismiss the complaint in its entirety by granting that motion to the extent of dismissing the plaintiff's first, second and fourth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof which adhered to the original determination to the extent that dismissal of the plaintiff's third cause of action was denied, and substituting therefor a provision dismissing the complaint in its entirety; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

In December 1985 the plaintiff made a formal proposal to the Putnam County Legislature to build and install a municipal solid waste disposal facility. On December 11, 1985, an article was published in a local newspaper detailing the plaintiff's proposal.

As a result of that newspaper article, the defendants sent a letter to the chairman of the Putnam County Legislature which was critical of the plaintiff's proposal. Thereafter, the plaintiff commenced the instant action seeking both damages and injunctive relief, alleging causes of action sounding in: (1) unfair competition, (2) deceptive business practices, (3) trade libel, and (4) prima facie tort. The defendants then moved, pursuant to CPLR 3211 (a) (7), to dismiss the complaint for failure to state a cause of action. The Supreme Court initially denied the motion in its entirety, but upon reargument dismissed all of the plaintiff's causes of action except the third cause of action, alleging trade libel.

When a motion is made under CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, every fact alleged must be assumed to be true and the complaint must be liberally construed in the plaintiff's favor *(see, Barr v Wack-*

*man,* 36 NY2d 371, 375; *Jacobs v Haber,* 133 AD2d 739). The tort of trade libel or injurious falsehood consists of the knowing publication of false matter derogatory to the plaintiff's business of a kind calculated to prevent others from dealing with the business or otherwise interfering with its relations with others, to its detriment *(see,* Prosser and Keeton, Torts § 128, at 967). The communication must play a material and substantial part in inducing others not to deal with the plaintiff, with the result that special damages, in the form of lost dealings, are incurred *(see, SRW Assocs. v Bellport Beach Prop. Owners,* 129 AD2d 328, 331). In pleading special damages, actual losses must be identified and causally related to the alleged tortious act *(see, L.W.C. Agency v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 371, 373; *Matherson v Marchello,* 100 AD2d 233, 235). In the instant action, viewing the complaint in a light most favorable to the plaintiff, we hold that the plaintiff has failed to sufficiently allege that any losses incurred were causally related to the defendants' letter. Therefore, the plaintiff's trade libel cause of action must be dismissed.

Similarly, the absence of sufficient allegation of special damages mandates the dismissal of the plaintiff's unfair competition and prima facie tort causes of action.

Finally, the plaintiff has failed to demonstrate why it is entitled to maintain a cause of action under General Business Law § 349 and accordingly the plaintiff's claim thereunder was properly dismissed. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.