■ GLOBAL MERCHANTS, INC., Respondent, v LOMBARD & Co. et al., Appellants. [650 NYS2d 724] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 16, 1996, which granted plaintiff's motion for a preliminary injunction, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, and the motion denied.

Even if newly substituted appellate counsel for plaintiff had not communicated to this Court that plaintiff consents to the

vacatur of the preliminary injunction issued by Supreme Court, we would nonetheless reverse. Absent a showing of a likelihood of success on the merits, irreparable injury, and a balancing of the equities in the movant's favor, preliminary injunctive relief should not be granted (*Grant Co. v Srogi*, 52 NY2d 496, 517).

In the case at bar, the preliminary injunction should not have been issued because Global failed to establish a likelihood of success on the merits. Global's inability to specify any contract breached as the result of defendant's actions renders it unlikely that it will succeed on its cause of action for tortious interference with contractual relations (*see, Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183). Nor has Global established that it is likely to succeed on its cause of action alleging tortious interference with prospective contractual relations, business relations and economic relations given the absence of a showing that defendants' conduct consisted of fraudulent misrepresentations, threats or a violation of a duty of fidelity owed (*supra*). Finally, in our view, the record also does not establish a likelihood of success on plaintiff's claims of trade libel, which requires "knowing publication of false matter derogatory to the plaintiffs' business" (*Waste Distillation Technology v Blasland & Bouck Engrs.*, 136 AD2d 633, 634). Concur—Sullivan, J. P., Milonas, Rubin, Williams and Mazzarelli, JJ.