■ DAISY TORRES, Respondent, v PRIME REALTY SERVICES, INC., et al., Appellants, et al., Defendants. [775 NYS2d 865]—

Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered April 10, 2003, which, in an action for defamation, denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The complaint, as amplified by the bill of particulars, alleges that plaintiff, a site manager and leasing agent, was discharged by defendant real estate management company, and that two of the company's principals, also defendants, speaking at a meeting of tenants called to inquire of defendants why they discharged plaintiff, accused plaintiff of improperly crediting tenants, misappropriating petty cash, fraudulently cashing tenants' checks to her own account, and being a thief. Plaintiff also alleges that one of these same principals also told plaintiff's supervisor that plaintiff sniffs cocaine. Both publications were allegedly made without investigation or proof of any kind, and without any opportunity given plaintiff to refute. Assuming the offending statements are protected by the common interest privilege, defendants' motion for partial summary judgment was properly denied as their submissions do not eliminate any issue of fact as to whether they uttered the statements without malice (*see Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 259-260 [1995]; *Berger v Temple Beth-El*, 303 AD2d 346, 347 [2003]; *cf. Liberman v Gelstein*, 80 NY2d 429, 439 [1992]). Nor does it avail defendants that plaintiff does not specify exactly what words were spoken by which principal at the tenants' meeting. Plaintiff sufficiently sets forth the circumstances of the publication (*see Herlihy*, 214 AD2d at 260-261), and the offending words need not be in quotations (*Langenbacher Co. v Tolksdorf*, 199 AD2d 64 [1993]). Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Williams, JJ.