**Theresa MURPHY–HIGGS, Ayodele Murphy–Higgs and Adayeme Murphy–Higgs, Plaintiffs–Appellees,**

v.

**YUM YUM TREE, INC., Yum Yum Tree Corp., Defendants,**

and

**Francoise Ceccolini, Anna De Rossi and Danna Joseph, Ltd., Defendants–Appellants.**

No. 04–0754–CV.

United States Court of Appeals, Second Circuit.

Nov. 18, 2004.

Paul D. Stone, Tarrytown, N.Y. (Anthony Giordano, New York, NY, on the brief), for Appellants.

Scott A. Korenbaum, New York, NY, for Appellees.

PRESENT: WALKER, Chief Judge, FEINBERG, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Francoise Ceccolini, Danna Joseph, Ltd. ("DJL") and Anna DeRossi appeal from a December 30, 2003 judgment of the United States District Court for the Southern District of New York (George A. Yanthis, *Magistrate Judge* ), vacating the jury's verdict in favor of defendants and granting plaintiffs-appellees' motion for judgment as a matter of law on defendants' injurious falsehood counterclaim, and denying appellants' motions for attorneys' fees and Fed.R.Civ.P. 11 sanctions. In addition, they appeal from the district court's dismissal of defendants' trespass and individual defamation counterclaims, and the district court's denial of summary judgment for DeRossi and DJL. We affirm. Familiarity with the facts and procedural background is assumed.

Appellants raise several arguments on appeal. First, they contend that they adequately proved special damages in their claim for injurious falsehood, and the jury's verdict in their favor and $300,000 award against plaintiff-appellant Theresa Murphy–Higgs should therefore be reinstated. Second, they claim the district court abused its discretion in denying their motions for attorneys' fees under 42 U.S.C. § 1988 and for Rule 11 sanctions. Third, they argue the district court erred in refusing to allow DJL's trespass counterclaim and Ceccolini's defamation counterclaim to go to the jury. Finally, they argue that the district court erred in failing to grant summary judgment for DJL and DeRossi. All of appellants' claims lack merit.

Under New York tort law, special damages are an essential element of the tort of injurious falsehood. *See Daniels v. St. Luke's–Roosevelt Hosp. Ctr.*, No. 02 Civ. 9567, 2003 WL 22410623, at *7 (S.D.N.Y. Oct.21, 2003) (discussing New York law); *Fabry v. Meridian Vat Reclaim, Inc.*, Nos. 99 Civ. 5149, 99 Civ. 5150, 2000 WL 1515182, at *4 (S.D.N.Y. Oct.11, 2000). Moreover, as this court has noted, claimants must provide proof of "itemized damages." *See Fashion Boutique v. Fendi USA, Inc.*, 314 F.3d 48, 60 (2d Cir.2002). Appellants offered only vague testimony as to lost sales; such allegations lack the requisite specificity and were plainly insufficient. Appellants also failed adequately to prove a causal connection between their legal fees and appellees' alleged statements. *See Sadowy v. Sony Corp.*, 496 F.Supp. 1071, 1079 (S.D.N.Y.1980); *Waste Distillation Tech., Inc. v. Blasland & Bouck Eng'rs, P.C.*, 136 A.D.2d 633, 523 N.Y.S.2d 875, 877 (App.Div.1988). Finally, appellants' argument that the jury's award was in part punitive damages is baseless. Judgment as a matter of law was therefore properly granted.

We have carefully reviewed appellants' remaining contentions and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.