Cedeno v Pacelli (2021 NY Slip Op 01552)





Cedeno v Pacelli


2021 NY Slip Op 01552


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Index No. 452016/18 Appeal No. 13382 Case No. 2019-05446 

[*1]Peter Cedeno et al., Plaintiffs-Respondents,
v
Atesa Pacelli et al., Defendants-Appellants, John Does, etc., et al., Defendants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn (Justin T. Kelton of counsel), for Atesa Pacelli, appellant.
Wade Clark Mulcahy LLP, New York (Shira T. Straus of counsel), for Anthony Pacelli, appellant.
Daniel Szalkiewicz & Associates, P.C., New York (Daniel Szalkiewicz of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered September 5, 2019, as amended by stipulation entered October 31, 2019, which, to the extent appealed from as limited by the briefs, denied defendants the Pacellis' motions to dismiss the causes of action for libel, trade libel, aiding and abetting defamation, and vicarious liability as against them, unanimously modified, on the law, to dismiss the cause of action for trade libel with leave to replead the claim with respect to special damages, and otherwise affirmed, without costs.
The motion court correctly found that the amended complaint sufficiently set forth the material elements of a cause of action for defamation and gave adequate notice of the transactions and occurrences that plaintiffs intended to prove at trial. The Pacellis' attempt to distinguish Fletcher v Dakota, Inc. (99 AD3d 43 [1st Dept 2012]) on the ground that that case involved only six individuals who allegedly made defamatory statements, compared to "any number of unknown persons" in the instant case, is unpersuasive. Plaintiffs' failure to specify exactly what words were spoken by which principal is not fatal to the claim, since the amended complaint contains the dates, text, context, URLs, and other information about the defamatory statements and alleges that the Pacellis were responsible for authoring, publishing, or causing others to publish them (see Torres v Prime Realty Servs., 7 AD3d 343 [1st Dept 2004]). There are no allegations that the John Does acted independently of the Pacellis. Having been able to piece together parts of the Pacellis' alleged scheme, plaintiffs should not be penalized at this pre-answer, pre-discovery stage for not being able to identify the name of each and every person who allegedly posted defamatory content at the behest of the Pacellis.
The court correctly declined to dismiss the aiding and abetting defamation claim (see generally William Doyle Galleries, Inc. v Stettner, 167 AD3d 501, 503 [1st Dept 2018]) and the vicarious liability claim (see Art Fin. Partners, LLC v Christie's Inc., 58 AD3d 469, 471 [1st Dept 2009]).
Plaintiffs allegations that, upon information belief, they "lost multiple clients based on the series of websites published by the Pacellis and John Does" and that they "have had to pay expenses to protect their reputation, including an online reputation management and monitoring company and attorneys" are insufficient to plead the special damages element of trade libel (see Waste Distillation Tech. v Blasland & Bouck Engrs., 136 AD2d 633, 633 [2d Dept 1988]). However, we grant plaintiffs leave to replead the claim with respect to special damages (see Franklin v Daily Holdings, Inc., 135 AD3d 87, 93 [1st Dept 2015]).
We have considered the Pacellis' remaining arguments to the extent they are preserved for appellate review and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: February 18, 2021