■ LOFT RESTAURANT ASSOCIATES, LTD., Appellant, v PATRICK J. McDONAGH et al., Respondents.—In an action, *inter alia,* for specific performance of an alleged agreement to divide the proceeds from a sale of real property and to recover damages for fraud and breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Held, J.),

dated June 14, 1990, which, upon a pretrial ruling dismissing the complaint, is in favor of the defendants and against the plaintiff.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof which are in favor of the defendants dismissing the first and third causes of action of the complaint, and those causes of action are reinstated; as so modified, the judgment is affirmed, with costs to the defendants, the first and third causes of action are severed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on those causes of action.

The plaintiff commenced the instant action to recover damages for its alleged wrongful eviction from certain leased premises owned by the defendant 9103 Third Avenue Realty Corp. and to enforce an agreement executed by the defendant Patrick J. McDonagh. During oral argument of the plaintiff's pretrial motion to ascertain the admissibility of certain proffered evidence, the Supreme Court dismissed each of the plaintiff's five causes of action.

The dismissal of the second, fourth, and fifth causes of action on the ground of collateral estoppel was appropriate. Those claims are premised upon the alleged wrongful eviction of the plaintiff from the subject premises. The plaintiff previously had raised the identical issues of fact underlying these claims in a Civil Court proceeding, and the Civil Court determined those issues adversely to the plaintiff and awarded possession of the premises to the defendant 9103 Third Avenue Realty Corp. Accordingly, under the circumstances presented, the plaintiff is precluded from relitigating those issues (see generally, Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147; Gilberg v Barbieri, 53 NY2d 285).

However, the first and third causes of action, based on the agreement executed by the defendant McDonagh, should be reinstated. The Supreme Court improperly dismissed these causes of action as a matter of law without a formal motion having been made and without providing the parties with adequate notice of its intention to summarily resolve these causes of action (see generally, CPLR 3211 [c]; Mihlovan v Grozavu, 72 NY2d 506). We note in this regard that our reinstatement of these causes of action is not intended to preclude a potential motion by the defendants for summary judgment on the grounds, inter alia, that the agreement is unsupported by consideration or is unenforceable by reason of a failed condition. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.