■ KWARMA VANDERPUYE, Respondent, v AUPRINTEMPS FASHIONS, LTD., et al., Appellants. [651 NYS2d 474] —Order, Supreme Court, New York County (Carol Arber, J.), entered April 1, 1996, which denied the motion of defendant AuPrintemps Fashions, Ltd. to dismiss plaintiff's claim for punitive damages, unanimously reversed, on the law, without costs, the motion granted and plaintiff's claim for punitive damages dismissed.

On December 14, 1992, plaintiff went into the AuPrintemps store to shop for a dress. After trying on several dresses, she departed and went to another store on the same block, where AuPrintemps' store manager followed her and asked: "Where is the black dress you were trying on? I know you have taken it because I cannot find it anywhere in the store so I have to look through your bags." In addition to compensatory damages for the alleged defamation, plaintiff seeks punitive damages alleging that the employee's conduct was intentional, egregious and malicious. However, punitive damages can be imposed on an employer for the intentional wrongdoing of its employees only where management has authorized, participated in, consented to or ratified the conduct giving rise to such damages (*Loughry v Lincoln First Bank*, 67 NY2d 369, 378). Here, plaintiff has failed to demonstrate that AuPrintemps or its owner authorized or ratified the statement made by its employee or promulgated such a statement as part of its regular business policy and, thus, her claim for punitive damages is dismissed. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.