■ ATMOSPHERICS, LTD., Appellant, v ROBERT E. HANSEN et al., Respondents. [702 NYS2d 385] —In an action, *inter alia*, for injunctive relief and to recover damages for the misappropriation of trade secrets, unfair competition, and tortious interference with business relations, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Kitzes, J.), dated October 6, 1998, which granted the defendants' respective motions made at the close of the plaintiff's case for judgment as a matter of law and dismissed the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs.

The plaintiff, Atmospherics, Ltd. (hereinafter Atmospherics), purchased certain assets of a bankrupt company, ZoneAire New York, Inc. (hereinafter ZoneAire NY), which was in the business of assembling through-wall air conditioners to replace outmoded units in apartment buildings. After ZoneAire NY ceased operations, some of its employees formed a new company, Islandaire, Inc. (hereinafter Islandaire), which also sold replacement through-wall air conditioners. Atmospherics commenced this action against Islandaire, its employees, and others, seeking injunctive relief and damages based on, *inter alia*, misappropriation of trade secrets, unfair competition, and tortious interference with business relations.

The Supreme Court properly granted the defendants' motions for judgment as a matter of law at the close of Atmospheric's case. There was simply no valid line of reasoning by which a rational jury could conclude that the method of manufacturing replacement air conditioners and the customer lists developed by ZoneAire NY were trade secrets (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). An essential prerequisite to legal protection against the misappropriation of a trade secret is the element of secrecy (*see, Delta Filter Corp. v Morin,* 108 AD2d 991, 992). Here, the evidence showed that replacement air conditioners were assembled from component parts that were readily available and often sold through catalogues. Similarly, trade secret protection will not attach where, as here, the names and addresses of potential customers or their representatives are readily ascertainable (*see, Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392).

Moreover, in the absence of an express contract, the breach of a fiduciary duty, or fraud, the individual defendants could not be restrained from competing with Atmospherics, which merely purchased some assets of their former employer ZoneAire NY (*see, Anchor Alloys v Non-Ferrous Processing*

*Corp.,* 39 AD2d 504, 507). Atmospheric's remaining contentions are without merit. Mangano, P. J., Bracken, Joy and H. Miller, JJ., concur.