■ MILA LERNER et al., Appellants, v ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent. [900 NYS2d 901]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of national origin in violation of Executive Law § 296 and the Administrative Code of the City of New York § 8-107, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 17, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To establish entitlement to summary judgment in a case alleging discrimination, the defendant "must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for its challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *see Michno v New York Hosp. Med. Ctr. of Queens*, 71 AD3d 746 [2010]; *Balsamo v Savin Corp.*, 61 AD3d 622 [2009]; *DelPapa v Queensborough Community Coll.*, 27 AD3d 614 [2006]).

Here, the defendant established, prima facie, that it issued reprimands to the plaintiffs and transferred them to different branches for legitimate nondiscriminatory reasons. In response, the plaintiffs failed to raise a triable issue of fact as to whether the actions taken by the defendant occurred under circumstances giving rise to an inference of discrimination or as to whether the defendant's motive was pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 306-308; *Michno v New York Hosp. Med. Ctr. of Queens*, 71 AD3d 746 [2010]; *DeFrancis v North Shore Plainview Hosp.*, 52 AD3d 562 [2008]; *Cesar v Highland Care Ctr., Inc.*, 37 AD3d 393 [2007]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.