■ TWIN CITY FIRE INSURANCE COMPANY et al., Appellants, v ARCH INSURANCE GROUP, INC., et al., Respondents. [39 NYS3d 144]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about August 21, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiffs (collectively, Hartford) seek damages allegedly arising from the departure from their Financial Products Division (HFP) of former senior executives (the individual defendants), who joined defendants Arch Insurance Group, Inc. and Arch Capital Group Ltd. (Arch), HFP competitors, and were followed by more than 60 other former Hartford employees.

There is no evidence that defendants Rafferty and Price breached their fiduciary duty to Hartford or that they told HFP employees to call the hotline at Arch to obtain employment there. There is evidence that defendant McElroy breached his duty of loyalty by sharing confidential information with Arch while still employed by HFP. However, Hartford failed to raise an issue of fact as to whether McElroy's sharing of compensation information was a "substantial factor in causing an identifiable loss" (*see Gibbs v Breed, Abbott & Morgan*, 271 AD2d 180, 189 [1st Dept 2000] [internal quotation marks omitted]).

Hartford failed to raise an issue of fact as to whether Arch provided "substantial assistance" to McElroy in his breach of fiduciary duty (*see Bullmore v Ernst & Young Cayman Is.*, 45 AD3d 461, 464 [1st Dept 2007] [internal quotation marks omitted]). Nor did it submit evidence that Arch had actual knowledge, as opposed to merely constructive knowledge, of McElroy's breach of his fiduciary duty (*id.*).

There is no evidence that Price breached either his confiden-

tiality agreement or Hartford's code of ethics, and there is no evidence that Rafferty ever disclosed any confidential information to Arch. There is evidence that McElroy breached both his confidentiality agreement and the code of ethics. However, there is no evidence demonstrating "the value of the transactions lost as a result of [that] breach" (*U.S. Re Cos., Inc. v Scheerer*, 41 AD3d 152, 155 [1st Dept 2007]).

Hartford failed to raise an issue of fact as whether Arch intentionally procured McElroy's breach of his confidentiality agreement. Although it claims that it lost renewals of policies as a result of Arch's wrongful conduct, Hartford failed to submit evidence that any specific policy would have been renewed but for that conduct (*see Cantor Fitzgerald Assoc. v Tradition N. Am.*, 299 AD2d 204, 204 [1st Dept 2002], *lv denied* 99 NY2d 508 [2003]).

As to the cause of action for tortious interference with prospective contractual relations, Hartford failed to raise an issue of fact as to whether an Arch employee's allegedly defamatory comment to an unidentified insurance broker—that HFP "was crippled and would not be able to effectively service his business"—was directed at specific, identified, third parties with which HFP had business relationships, for the sole purpose of harming HFP, rather than increasing Arch's profits (*see Carvel Corp. v Noonan*, 3 NY3d 182 [2004]).

There is no evidence that Arch lured the employees away from Hartford by improper means or that the employees' decision to leave HFP was based on anything other than economic considerations (*see Anchor Alloys v Non-Ferrous Processing Corp.*, 39 AD2d 504, 507-508 [2d Dept 1972], *lv denied* 32 NY2d 612 [1973]), and perhaps a desire to follow McElroy, their team leader at HFP.

As to the cause of action for unjust enrichment, Hartford failed to raise an issue of fact as to whether its loss of any policy renewals was attributable to wrongdoing by Arch. Moreover, "[a] company that hires employees away from a competitor by offering them higher salaries is not unjustly enriched thereby" (*see Men Women NY Model Mgt., Inc. v Ford Models, Inc.*, 32 Misc 3d 1236[A], 2011 NY Slip Op 51595[U], *7 [Sup Ct, NY County 2011]).

Hartford failed to submit evidence of lost profits, the measure of damages for the cause of action for misappropriation of trade secrets (*Suburban Graphics Supply Corp. v Nagle*, 5 AD3d 663, 666 [2d Dept 2004]).

We have considered Hartford's remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Manzanet-

Daniels, Gische and Webber, JJ. 