■ NATIONAL FINANCIAL PARTNERS CORP. et al., Respondents, v USA TAX AND INSURANCE SERVICES, INC., Appellant, et al., Defendants. [41 NYS3d 704]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered April 15, 2015, which, to the extent appealed from as limited by the briefs, denied defendant USA Tax and Insurance Services, Inc.'s motion for summary judgment dismissing the causes of action asserted in the amended complaint for aiding and abetting breach of fiduciary duty and tortious interference with contractual relations, unanimously affirmed, with costs.

Issues of fact preclude dismissal of the claim for tortious interference with contractual relations. Plaintiffs have established the existence of the nonsolicitation and noncompete provisions in the Management and Merger Agreements between them and Stephen Delott, as well as USA Tax's knowledge of the restrictive covenants (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). However, while the record shows that Delott and USA Tax were in contact regarding plaintiff Delott & Associates, Inc.'s (D&A) recruited agents at a time when Delott was still working as D&A's president, there are issues of fact as to whether Delott actually breached

the noncompete and nonsolicitation provisions, whether USA Tax intentionally procured any such breach without justification (*id.*), and whether the alleged breach of contract would not have occurred but for the activities of USA Tax (*Twin City Fire Ins. Co. v Arch Ins. Group, Inc.*, 143 AD3d 533 [1st Dept 2016]; *Cantor Fitzgerald Assoc. v Tradition N. Am.*, 299 AD2d 204 [1st Dept 2002], *lv denied* 99 NY2d 508 [2003]). Issues of fact also exist as to plaintiffs' damages. USA Tax's argument that it was not the sole proximate cause of D&A's damages is unavailing, as it need not be the sole proximate cause to sustain a claim for tortious interference with contract (*Kronish Lieb Weiner & Hellman LLP v Tahari, Ltd.*, 35 AD3d 317, 318 [1st Dept 2006]).

In addition, issues of fact as to whether Delott breached his fiduciary duties, and whether USA Tax knowingly induced or participated in any such breach, preclude summary judgment dismissing the claim for aiding and abetting breach of fiduciary duty (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]; *see also Smallberg v Raich Ende Malter & Co., LLP*, 140 AD3d 942, 944 [1st Dept 2016]).

USA Tax's collateral estoppel argument is not properly before this Court as it was raised for the first time in its reply brief (*Matter of Erdey v City of New York*, 129 AD3d 546, 546-547 [1st Dept 2015]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kahn, JJ.