■ Tri-Star Lighting Corp., Appellant, v Evan Goldstein et al., Respondents. [58 NYS3d 448]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kitzes, J.), entered January 28, 2015, which denied its motion pursuant to CPLR 6301 to preliminarily enjoin the defendant Evan Goldstein from violating a noncompetition clause in its alleged employment agreement with him, and (2) an order of the same court entered May 14, 2015, which denied its motion for leave to reargue its motion pursuant to CPLR 6301 for a preliminary injunction, granted the defendants' cross motion pursuant to CPLR 3211 (a) to dismiss the second, third, fourth, sixth, and seventh causes of action asserted in the complaint, and, sua sponte, directed the dismissal of the first and fifth causes of action.

Ordered that the appeal from the order entered January 28, 2015, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order entered May 14, 2015, as denied the plaintiff's motion for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that on the Court's own motion, the notice of appeal from the order entered May 14, 2015, is deemed to also be an application for leave to appeal from so much of that order as, sua sponte, directed the dismissal of the first and fifth causes of action in the complaint, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order entered May 14, 2015, is modified, on the law, by deleting the provision thereof which, sua sponte, directed the dismissal of the first and fifth causes of action; as so modified, the order entered May 14, 2015, is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff is a wholesale lighting distributor located in Woodside, Queens. In December 2014, the plaintiff commenced this action against the defendant Evan Goldstein, a former employee, and the defendant Continental Lighting Corp. (hereinafter Continental), a competitor of the plaintiff, alleging, inter alia, that Goldstein breached provisions of an employment agreement entered into between the plaintiff and Goldstein by accepting a position with Continental within nine months after the termination of his employment with the plaintiff, and by making use of the plaintiff's customer lists during his new employment to unfairly compete against it. The complaint set forth causes of action to recover damages for (1) breach of

contract against Goldstein, (2) tortious interference with contract against Continental, (3) misappropriation of trade secrets against both defendants, (4) tortious interference with business relations against both defendants, (5) breach of fiduciary duty against Goldstein, and (6) aiding and abetting breach of fiduciary duty against Continental. The seventh cause of action sought a permanent injunction.

The plaintiff moved to preliminarily enjoin Goldstein from continuing his employment with Continental and from contacting the plaintiff's customers. By order entered January 28, 2015, the Supreme Court denied the plaintiff's motion for a preliminary injunction. Thereafter, the plaintiff moved for leave to reargue its motion for a preliminary injunction. The defendants opposed the motion and cross-moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the second, third, fourth, sixth, and seventh causes of action. By order entered May 14, 2015, the court denied the plaintiff's motion for leave to reargue its motion for a preliminary injunction, granted the defendants' cross motion, and, sua sponte, directed the dismissal of the first and fifth causes of action.

The appeal from the order denying the plaintiff's motion for a preliminary injunction has been rendered academic. By its own terms, the competition restrictions contained in the alleged employment agreement expired nine months following Goldstein's termination of employment with the plaintiff, or on or about July 14, 2015. Accordingly, the plaintiff's appeal from that order must be dismissed as academic (*see Pescatore v Dune Alpin Farm Prop. Owners Assn., Inc.*, 120 AD3d 785, 785 [2014]; *Aniqa Halal Live Poultry Corp. v Montague-Lee Ltd. Partnership*, 110 AD3d 934, 934 [2013]).

"In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true, and the court must afford those allegations every favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sitar v Sitar*, 50 AD3d 667, 669 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "[T]he sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Morad v Morad*, 27 AD3d 626, 626-627 [2006] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d at 87-88). "Whether a plaintiff can ultimately establish [his or her] allegations is not part of the calculus" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

Applying those principles here, the complaint adequately pleaded the first cause of action, which sought to recover damages for breach of contract against Goldstein. "The essential elements for pleading a cause of action to recover damages for beach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (*Dee v Rakower*, 112 AD3d 204, 208-209 [2013]; *see 143 Bergen St., LLC v Ruderman*, 144 AD3d 1002, 1003 [2016]; *Hampshire Props. v BTA Bldg. & Developing, Inc.*, 122 AD3d 573, 573 [2014]). Here, the complaint alleged the existence of an employment agreement between the plaintiff and Goldstein, the plaintiff's performance of its obligations under the agreement, Goldstein's breach of the agreement, and damages resulting therefrom. The determination of the Supreme Court that the contract was unenforceable may involve triable issues of fact which should be resolved upon a formal motion with adequate notice to the plaintiff of the court's intention to summarily resolve the issue (*see Loft Rest. Assoc. v McDonagh*, 187 AD2d 643, 644 [1992]; *see generally BDO Seidman v Hirshberg*, 93 NY2d 382 [1999]). Accordingly, the court should not have, sua sponte, directed the dismissal of the first cause of action.

Similarly, the Supreme Court should not have, sua sponte, directed the dismissal of the fifth cause of action, which sought to recover damages for breach of fiduciary duty against Goldstein, for failure to state a cause of action, in the absence of notice to the parties and an application by the defendants for such relief (*see During v City of New Rochelle, N.Y.*, 55 AD3d 533 [2008]; *Jacobs v Mostow*, 23 AD3d 623, 624 [2005]).

The Supreme Court properly granted that branch of the defendants' cross motion which was to dismiss the second cause of action, which sought to recover damages for tortious interference with contract against Continental. "The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages" (*Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch.*, 117 AD3d 1005, 1006 [2014]). Here, the complaint does not allege that Continental took action intended to procure Goldstein's alleged breach of an employment agreement between the plaintiff and Goldstein (*see Twin City Fire Ins. Co. v Arch Ins. Group, Inc.*, 143 AD3d 533 [2016]; *Cantor Fitzgerald Assoc. v Tradition N. Am.*, 299 AD2d 204 [2002]).

The Supreme Court properly granted that branch of the defendants' cross motion which was to dismiss the third cause of action, which sought to recover damages for misappropriation of trade secrets against the defendants. The elements of a cause of action to recover damages for misappropriation of trade secrets are: (1) possession of a trade secret; and (2) use of that trade secret by the defendant "in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means" (*Schroeder v Pinterest Inc.*, 133 AD3d 12, 27 [2015] [internal quotation marks omitted]). "An essential prerequisite to legal protection against the misappropriation of a trade secret is the element of secrecy" (*Atmospherics, Ltd. v Hansen*, 269 AD2d 343, 343 [2000]; *see Leo Silfen, Inc. v Cream*, 29 NY2d 387, 392 [1972]). "Generally, where the customers are readily ascertainable outside the employer's business as prospective users or consumers of the employer's services or products, trade secret protection will not attach and courts will not enjoin the employee from soliciting his employer's customers" (*Leo Silfen, Inc. v Cream*, 29 NY2d at 392). Here, the complaint stated that "other companies provide similar services." Although the plaintiff described its customer lists, prices, and profit margins as "distinctive," the complaint contains no allegations that the plaintiff employed measures to keep its customer lists and pricing information confidential, or that this information was not generally known outside of its business, so as to actually render its customer information a trade secret (*see Precision Concepts v Bonsanti*, 172 AD2d 737, 738 [1991]).

The Supreme Court properly granted that branch of the defendants' cross motion which was to dismiss the fourth cause of action asserted against the defendants, which sought to recover damages for tortious interference with business relations. To set forth a cause of action sounding in tortious interference with business relations, a plaintiff is required to plead " 'that the defendant interfered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff or by means that were unlawful or improper' " (*Qosina Corp. v C & N Packaging, Inc.*, 96 AD3d 1032, 1034 [2012], quoting *Nassau Diagnostic Imaging & Radiation Oncology Assoc. v Winthrop-University Hosp.*, 197 AD2d 563, 563-564 [1993]). An allegation that the defendant "was motivated solely by malice or intended to inflict injury by unlawful means" is required (*Kenneth H. Brown & Co., Inc. v Dutchess Works One-Stop Empl. & Training Ctr., Inc.*, 73 AD3d 984, 985 [2010]; *see Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]). Here, the complaint alleged that the defendants were

aware of the relationship between the plaintiff and its customers, and that, with Goldstein's assistance, Continental diverted sales from the plaintiff to itself and caused the plaintiff's customers to terminate their relationship with the plaintiff. However, the complaint did not allege that the defendants were motivated by malice or otherwise intended to inflict injury upon the plaintiff by unlawful means. Actions intended to solicit business, which are motivated by economic self-interest, cannot be characterized as malicious (see *Nassau Diagnostic Imaging & Radiation Oncology Assoc. v Winthrop-University Hosp.*, 197 AD2d at 564).

The Supreme Court properly granted that branch of the defendants' cross motion which was to dismiss the sixth cause of action, which sought to recover damages against Continental for aiding and abetting Goldstein's alleged breach of fiduciary duty. "A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that [the] plaintiff suffered damage as a result of the breach" (*Kaufman v Cohen*, 307 AD2d 113, 125 [2003]; *see Baron v Galasso*, 83 AD3d 626, 629 [2011]). The second element of knowing inducement or participation is met only if the defendant had "actual knowledge of the breach of duty" and rendered "substantial assistance" to the primary violator (*Kaufman v Cohen*, 307 AD2d at 125-126). The complaint failed to allege facts from which it could be inferred that Continental participated in any such conduct.

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the seventh cause of action, which sought a permanent injunction. As previously noted, by its own terms, the competition restrictions contained in the employment agreement expired nine months following Goldstein's termination of his employment with the plaintiff, or on or about July 14, 2015. Given that the nine-month period has expired, and in light of our determinations with respect to the second through sixth causes of action, the complaint failed to allege a basis for injunctive relief (*see Matter of Long Is. Power Auth. Hurricane Sandy Litig.*, 134 AD3d 1119, 1120 [2015]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.