In an action, inter alia, to recover damages for libel and for housing discrimination in violation of the New York State Human Rights Law (Executive Law § 296) and the Administrative Code of Westchester County, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), dated July 7, 2015, as granted those branches of the defendants’ motion which were for summary judgment dismissing the first, fifth, and sixth causes of action insofar as asserted against the defendants Edgemont at Tarrytown Condominium, Edgemont at Tar-rytown Condominium Association, Edgemont at Tarrytown Condominium Board of Managers, and Steve Gosset.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff commenced this action against, among others, the condominium in which she lived, the condominium association, its board of managers, and Steve Gosset, a board member, alleging, inter alia, that they had discriminated against her in furnishing services in relation to her condominium unit because of her sexual orientation in violation of the New York State Human Rights Law (Executive Law § 296 [5] [a] [2]) and Administrative Code of Westchester County § 700.05. The plaintiff also alleged that Gosset had defamed her in an email to the Tarrytown Village Administrator in which he stated that the plaintiff had taken video images of a neighbor’s children and that the neighbor was concerned about how the plaintiff would use the video. The defendants moved for summary judgment dismissing the amended complaint, and in the order appealed from dated July 7, 2015, the Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted summary judgment dismissing her first and fifth causes of action, which were to recover damages for violations of the New York State Human Rights Law and the Administrative Code of Westchester County, respectively, and her sixth cause of action, which was to recover damages for libel, insofar as these causes of action are asserted against the defendants Edgemont at Tarrytown Condominium, Edgemont at Tar-rytown Condominium Association, Edgemont at Tarrytown Condominium Board of Managers, and Gosset (hereinafter collectively the defendants).
 

 Contrary to the defendants’ contention, they are not entitled to the protection of the business judgment rule with respect to the causes of action alleging violations of the New York State Human Rights Law and the Administrative Code of West-chester County. “The business judgment rule is a common-law doctrine by which courts exercise restraint and defer to good faith decisions made by boards of directors in business settings” (40 W. 67th St. v Pullman, 100 NY2d 147, 153 [2003]). “In the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board’s determination ‘[s]o long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith’ ” (id. at 153, quoting Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]). Here, the plaintiff alleges unlawful discrimination by the defendants, which is inherently “incompatible with good faith and the exercise of honest judgment” (40 W. 67th St. v Pullman, 100 NY2d at 157). Accordingly, the business judgment rule is not applicable (see id.; Fletcher v Dakota, Inc., 99 AD3d 43, 50 [2012]).
 

 Nonetheless, the Supreme Court properly granted those branches of the defendants’ motion which were for summary judgment dismissing the first and fifth causes of action alleging housing discrimination. In order to establish entitlement to judgment as a matter of law dismissing the causes of action alleging housing discrimination, the defendants had to “demonstrate either plaintiff’s failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual” (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; see Nettles v LSG Sky Chefs, 94 AD3d 726, 728 [2012]; Lerner v Astoria Fed. Sav. & Loan Assn., 73 AD3d 1134, 1135 [2010]; Faulkner v 609-611-615 Owner’s Corp., 49 AD3d 596, 597 [2008]; DelPapa v Queensborough Community Coll., 27 AD3d 614 [2006]; Hemingway v Pelham Country Club, 14 AD3d 536 [2005]). Here, the defendants established, prima facie, that the alleged failure to furnish services to the plaintiff was not related to her sexual orientation. In opposition, the plaintiff failed to raise a triable issue of fact.
 

 The Supreme Court also properly granted that branch of the defendants’ motion which was for summary judgment dismissing the sixth cause of action alleging libel. In support of their motion, the defendants submitted proof that the plaintiff admitted both that she took the subject video and that the neighbor expressed concern to the board about her having done so. Since truth is an absolute defense to a cause of action based on defamation (see Brian v Richardson, 87 NY2d 46, 51 [1995]; Cahill v County of Nassau, 17 AD3d 497, 498 [2005]; Yan v Potter, 2 AD3d 842, 843 [2003]; Carlton v Nassau County Police Dept., 306 AD2d 365, 366 [2003]), the defendants established their prima facie entitlement to summary judgment. In opposition, the plaintiff failed to raise a triable issue of fact.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.