Howard Schwartz, Appellant,
against
Main Street LI, LLC, Terence M. Dunbar, Doing Business as Dunbar Moving, and Kenneth "Doe", Respondents.




Howard Schwartz, appellant pro se.
Law Office of Mary C. Merz, PLLC (Mary C. Merz, Esq.), for respondents (no brief filed).

Appeal from an order of the District Court of Suffolk County, Sixth District (James P. Flanagan, J.), dated March 9, 2017. The order granted (1) the branches of a motion by defendant Main Street LI, LLC seeking, pursuant to CPLR 3211 (a) (7), to dismiss the third and fourth causes of action, and so much of the fifth cause of action as was asserted against it, (2) the branches of the motion by defendant Main Street LI, LLC seeking, pursuant to CPLR 3212, summary judgment dismissing so much of the first and second causes of action as were asserted against it, and (3) the branches of a separate motion by defendants Terence M. Dunbar and Kenneth "Doe" seeking, pursuant to CPLR 3211 (a) (7), to dismiss so much of the first, second and fifth causes of action as were asserted against them.




ORDERED that the order is modified by providing that the branch of the motion by defendants Terence M. Dunbar and Kenneth "Doe" seeking to dismiss, pursuant to CPLR 3211 (a) (7), so much of the second cause of action as sought compensatory damages against Terence M. Dunbar, and compensatory and punitive damages as against Kenneth "Doe," is denied; as so modified, the order is affirmed, without costs.
Insofar as is relevant to this appeal, plaintiff commenced this action to recover compensatory and punitive damages. The complaint set forth causes of action for (1) "Intentional Interference With Business Relations" as against all defendants; (2) "Defamation" as against all defendants; (3) "Breach of Lease [i.e., Quiet Enjoyment]" as against defendant Main Street LI, LLC (Main Street); (4) "Retaliatory Non Renewal" as against defendant Main Street; and (5) "Deceptive Trade Practices" as against all defendants. Main Street moved, and defendants Terence M. Dunbar (Dunbar) and Kenneth "Doe" (Kenneth) separately moved, pursuant to CPLR 3211 (a) (7), to dismiss so much of the complaint as was asserted against each [*2]of them for failing to state a cause of action, or, in the alternative, for summary judgment, pursuant to CPLR 3212, dismissing so much of the complaint as was asserted against each of them. By order dated March 9, 2017, the District Court granted the branches of the motion by Main Street seeking to dismiss, pursuant to CPLR 3211 (a) (7), the third and fourth causes of action, and so much of the fifth cause of action as was asserted against it, granted the branches of the motion by Main Street seeking summary judgment dismissing so much of the first and second causes of action as were asserted against it, and granted the branches of the motion by Dunbar and Kenneth seeking to dismiss, pursuant to CPLR 3211 (a) (7), so much of the first, second and fifth causes of action as were asserted against them.
We find that the third, fourth and fifth causes of action were properly dismissed pursuant to CPLR 3211 (a) (7). With respect to the third cause of action, it is well settled that "an eviction, actual or constructive, is necessary to constitute a beach of a covenant for quiet enjoyment" (2 Robert F. Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 27:4 at 299 [5th ed 207]; see Dave Herstein Co. v Columbia Pictures Corp., 4 NY2d 117, 121 [1958]; Boreel v Lawton, 90 NY 293, 297 [1882]; TDS Leasing, LLC v Tradito, 148 AD3d 1079, 1081 [2017]; Grammer v Turits, 271 AD2d 644, 645 [2000]). It is undisputed that plaintiff was not evicted but, rather, voluntarily vacated his apartment. Moreover, the factual allegations in support of the third and fourth causes of action are conclusory and fail to contain sufficiently particularized allegations from which a cognizable cause of action reasonably could be found (see V. Groppa Pools, Inc. v Massello, 106 AD3d 722, 723 [2013]; Phillips v Trommel Constr., 101 AD3d 1097 [2012]; Mazzeli v Kyriacou, 98 AD3d 1088, 1090 [2012]). 
With respect to the fifth cause of action, the complaint does not set forth any conduct by defendants that is consumer oriented and has a broad impact on consumers at large, or any business practice by defendants which was misleading in a material way (see Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]). Private contract disputes, unique to the parties, do not fall within the ambit of the New York deceptive or unfair practices statute (see General Business Law § 349; Diaz v Paragon Motors of Woodside, Inc., 424 F Supp 2d 519 [ED NY 2006]). In addition, the facts presented in support of that cause of action are conclusory and fail to contain sufficiently particularized allegations from which a cognizable cause of action reasonably could be found (see V. Groppa Pools, Inc. v Massello, 106 AD3d at 723; Phillips v Trommel Constr., 101 AD3d 1097; Mazzeli v Kyriacou, 98 AD3d at 1090).
A claim of tortious interference with business relations, as alleged in the first cause of action, arises if a defendant intentionally and through wrongful acts prevented a third party from having a business relationship with the plaintiff (see Tri-Star Light. Corp. v Goldstein, 151 AD3d 1102, 1106-1107 [2017]; Freedman v Pearlman, 271 AD2d 301, 305 [2000]; WFB Telecom. v NYNEX Corp., 188 AD2d 257, 257 [1992]). It must be alleged that a defendant "was motivated solely by malice or intended to inflict injury by unlawful means" (Kenneth H. Brown & Co., Inc. v Dutchess Works One-Stop Empl. & Training Ctr., Inc., 73 AD3d 984, 985 [2010]; see Tri-Star Light. Corp. v Goldstein, 151 AD3d at 1106). Since the first cause of action contains no factual allegations that defendants acted solely with the purpose of injuring or harming, it fails to state a cause of action. Consequently, dismissal of the first cause of action was proper. 
With respect to the second cause of action, to allege a claim of defamation, here, slander, [*3]a complaint must state that the defendant made a false statement which was published, without privilege or authorization, to a third party, with fault measured by at least a negligence standard, and the statement caused the plaintiff special damages or constituted defamation per se (see Dillon v City of New York, 261 AD2d 34, 37-38 [1999]). The complaint must set forth the particular words which allegedly constituted the slander (see CPLR 3016 [a]), and must also allege the time, place and manner in which the false statements were made, and specify to whom they were made (see Dillon v City of New York, 261 AD2d at 38).
A review of the record indicates that the factual allegations of the complaint sufficiently state a cause of action for defamation as against Dunbar and Kenneth in that they state that Kenneth, who was employed as a mover by Dunbar, made false statements, to wit, that "there was" urine and feces in plaintiff's apartment and that he was being bitten by bugs, to a representative of St. Michaels—an organization which had accepted plaintiff's application for new housing and to where plaintiff's property was being moved—and that those false statements caused St. Michaels to cancel plaintiff's residency at its property, which resulted in plaintiff paying additional rent. Consequently, contrary to the determination of the District Court, the branch of the motion by Dunbar and Kenneth seeking to dismiss, pursuant to CPLR 3211 (a) (7), so much of the second cause of action as sought compensatory damages against them should have been denied. However, since the complaint contains no allegations that Dunbar, as the employer of Kenneth, authorized or ratified the statements made by Kenneth, a demand for punitive damages against Dunbar cannot stand (see Loughry v Lincoln First Bank, 67 NY2d 369, 378 [1986]; Borst v Lower Manhattan Dev. Corp., 162 AD3d 581 [2018]; Melfi v Mount Sinai Hosp., 64 AD3d 26 [2009]; Vanderpuye v AuPrintemps Fashions, 234 AD2d 158 [1996]). 
With respect to so much of the second cause of action as sought compensatory damages against Dunbar and Kenneth, and punitive damages against Kenneth, it is well settled that truth is an absolute defense to a defamation cause of action (see Brian v Richardson, 87 NY2d 46, 51 [1995]; Maun v Edgemont at Tarrytown Condominium, 156 AD3d 873, 875 [2017]; Dillon v City of New York, 261 AD2d at 39). While Kenneth does not specifically state what he said to St. Michaels, he appears to argue that what he told St. Michaels was the truth. In opposition to the motion, plaintiff asserted that he had a housekeeper, there were no odors in his apartment, he had no bugs and, in effect, that his apartment was clean. This was sufficient to raise a question of fact as to whether the statements were true and, consequently, Dunbar and Kenneth are also not entitled to summary judgment as to this portion of the second cause of action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The statement that an employee of Main Street made to a third party, to wit, that he would have to wear a rubber suit to go into plaintiff's apartment, is not subject to a defamation claim, since the statement was a hyperbolic expression of opinion—a qualified privilege—which is not actionable (see Mann v Abel, 10 NY3d 271, 276 [2008]; Stillman v Ford, 22 NY2d 48, 53 [1968]). Consequently, the District Court properly dismissed so much of the second cause of action as was asserted against Main Street.
Accordingly, the order is modified by providing that the branch of the motion by defendants Terence M. Dunbar and Kenneth "Doe" seeking to dismiss, pursuant to CPLR 3211 (a) (7), so much of the second cause of action as sought compensatory damages against Terence M. Dunbar, and compensatory and punitive damages as against Kenneth "Doe," is denied.MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2018