Meer Enters., LLC v Kocak (2019 NY Slip Op 05208)





Meer Enters., LLC v Kocak


2019 NY Slip Op 05208


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9760 160990/17

[*1]Meer Enterprises, LLC, Plaintiff-Respondent,
v
Durson Kocak, et al., Defendants-Appellants.


The Roth Law Firm, PLLC, New York (Richard Roth of counsel), for appellants.
Sadis & Goldberg LLP, New York (Ben Hutman of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered November 20, 2018, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously modified, on the law, to dismiss the first cause of action as against defendant Durmesh Kocak, the second cause of action for misappropriation of confidential information and trade secrets as against defendant D.C. Group, Inc., the third cause of action for tortious interference with contract, and the fifth cause of action for unjust enrichment as against defendant Durson Kocak, D.C. Group Inc., Nuri Kocak and Nurco Technologies Inc., and otherwise affirmed, without costs.
Plaintiff Meer Enterprises, LLC purchased from defendant D.C. Group, Inc. an interest in a jewelry company doing business under the registered trade name Unique Settings of New York. Thereafter, defendants allegedly began operating a competing business under the name Unique Casting House and, later, Empire Casting House.
Plaintiff has pled a claim for breach of the noncompete, nonsolicitation and confidentiality provisions of the asset purchase agreement against Durson Kocak and D.C. Group (Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445, 445-446 [1st Dept 2016]; Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). Durmesh Kocak is not a "covered person" bound by those provisions.
A claim for misappropriation of trade secrets against defendants Durson, Durmesh, Selina Kocak, Nuri Kocak, Gonco LLC and Nurco is sufficiently alleged (Schroeder v Pinterest, 133 AD3d 12, 27 [1st Dept 2015]). Plaintiff claims that it provided its sales reports, customer lists, customer account information, and pricing data to Durson and Durmesh pursuant to the confidentiality provision of the asset purchase agreement, as well as an oral confidentiality agreement, with the understanding that they would use it solely to assess Unique Settings' showroom business. Notwithstanding, Durson and Durmesh allegedly used plaintiff's information in breach of those agreements, and shared it with Selina, Nuri, Gonco and Nurco, who knew they were not entitled to use it, but did so anyway in competition with plaintiff. However, the complaint does not plead a legally sufficient misappropriation claim against DC Group because it does not include allegations that DC Group, in particular, committed any acts of misappropriation.
The cause of action for tortious interference with contract is dismissed. Plaintiff has not sufficiently alleged that Durmesh, Nuri, Selina, Gonco or Nurco procured a breach of the asset purchase agreement by Durson (White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]; Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]), or that their activities were the "but for" cause of any such breach (Cantor Fitzgerald Assoc. v Tradition N. Am., 299 AD2d 204 [1st Dept 2002], lv denied 99 NY2d 508 [2003]; see Twin City Fire Ins. Co. v Arch Ins. Group, Inc., 143 AD3d 533, 534 [1st Dept 2016], lv dismissed 29 NY3d 995 [2017]).
Plaintiff sufficiently alleges a claim for unfair competition against Durson, Durmesh, Selina, Nuri, Gonco and Nurco (see Brook v Peconic Bay Med. Ctr., 152 AD3d 436, 439 [1st [*2]Dept 2017]; Apogee Handcraft, Inc. v Verragio, Ltd., 155 AD3d 494, 496 [1st Dept 2017], lv denied 31 NY3d 903 [2018]; Ahead Realty LLC v India House, Inc., 92 AD3d 424, 425 [1st Dept 2012]), including based on allegations of likely, if not actual, consumer confusion between plaintiff's trade name and defendants' competing business (Allied Maintenance Corp. v Allied Mech. Trades, 42 NY2d 538, 543 [1977]).
Plaintiff has also stated a claim against D.C. Group and its shareholder, Durson, based on Durson's efforts to solicit Unique Settings' customers subsequent to the sale of its goodwill to plaintiff (Bessemer Trust Co., N.A. v Branin, 16 NY3d 549, 556-557 [2011]).
The unjust enrichment claim is duplicative of the breach of contract claim asserted against Durson and D.C. Group (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]), and is also dismissed against Nurco and Nuri, since they are not alleged to have operated Unique Casting House. The claim is properly pled against Durmesh and Selina, who allegedly operated the Unique Casting House business with Durson (Georgia Malone & Co., Inc. v Reider, 19 NY3d 511, 516 [2012]).
Plaintiff has pled defamation per se against Durmesh - who allegedly made a statement that may arguably impugn plaintiff's reputation in its trade, business or profession - and need not allege special damages (Liberman v Gelstein, 80 NY2d 429, 435 [1992]; Glazier v Harris, 99 AD3d 403, 404 [1st Dept 2012]). Moreover, plaintiff pled the claim with the requisite particularity (CPLR 3016[a]; Amaranth LLC v JP Morgan Chase & Co., 71 AD3d 40, 48 [1st Dept 2009], lv dismissed in part, denied in part 14 NY3d 736 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK