Gibson v 526 W. 158th St. Hous. Dev. Fund Corp. (2023 NY Slip Op 05686)

Gibson v 526 W. 158th St. Hous. Dev. Fund Corp.

2023 NY Slip Op 05686

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 154827/21 Appeal No. 1018 Case No. 2022-04199 

[*1]Catherine Gibson, Plaintiff-Respondent,
v
526 West 158th Street Housing Development Fund Corp., Defendant-Appellant, Jose Castillo et al., Defendants.

Tane Waterman & Wurtzel, P.C., New York (Moshe C. Bobker of counsel), for appellant.
Catherine Gibson, New York, respondent pro se.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about August 23, 2022, which denied defendant 526 West 158th Street Housing Development Fund Corp.'s (HDFC) motion to dismiss the second amended complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
The motion court correctly determined that plaintiff's second amended complaint adequately pleaded a claim for housing discrimination under the federal Fair Housing Act (42 USC § 3604 et seq.), and the New York State and City Human Rights Law (Executive Law § 296 et seq.; Administrative Code of City of NY § 8-107[5]) by alleging that she is a member of a protected class as an African-American woman who has a son with autism, she was qualified to purchase the apartment, HDFC nevertheless denied her application, and the circumstances surrounding that denial give rise to an inference of discrimination (see Sayeh v 66 Madison Ave. Apt. Corp., 73 AD3d 459, 461 [1st Dept 2010]). Contrary to defendant's contention, dismissal is not required at the pleading stage where allegations made "upon information and belief" can be ascertained through discovery (see Harris v Structuretech N.Y., Inc., 191 AD3d 470, 471 [1st Dept 2021]).
The allegations with respect to the attempted eviction of one of the only other African-American residents in the building and defendant's alleged harassment of a resident experiencing clinical depression are facts which can be determined in discovery, and, if established, further support the allegations that the totality of the circumstance reflect defendant's discriminatory intent (id.; see also Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 201 n 3 [1st Dept 2015]). Moreover, although defendant urges that the motion court should have considered its evidence of a non-discriminatory motive for rejecting plaintiff's application, as the court determined, the documentary evidence did not utterly refute plaintiff's claim, and under the McDonnell Douglas burden-shifting framework, the parties will have the opportunity to pursue their competing contentions in discovery (McDonnell Douglas Corp. v Green, 411 US 792, 804 [1973]; see also Maun v Edgemont at Tarrytown Condominium, 156 AD3d 873, 874 [2d Dept 2017]). Defendant's reliance on the business judgment rule is misplaced, as it is well settled that "arbitrary or malicious decision making or decision making tainted by discriminatory considerations is not protected by the business judgment rule" (Fletcher v Dakota, Inc., 99 AD3d 43, 48 [1st Dept 2012]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023