New York State Div. of Human Rights v 153rd St. Assoc., LLC (2024 NY Slip Op 01017)

New York State Div. of Human Rights v 153rd St. Assoc., LLC

2024 NY Slip Op 01017

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2020-04593
 (Index No. 705427/18)

[*1]New York State Division of Human Rights, etc., respondent, 
v
153rd Street Associates, LLC, doing business as and also known as the Opal, Kew Garden Hills Apartment, the Dermot Company (the Opal), Dermot, LLC, and the Opal, also known as Kew Garden Hills Apartment, appellant.

Itkowitz, PLLC, Brooklyn, NY (Jay B. Itkowitz and Hayley Bava of counsel), for appellant.
Robert A. Goldstein, Bronx, NY (Lyssa M. Sampson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for housing discrimination on the basis of race, color, creed, and familial status in violation of the New York State Human Rights Law, the defendant appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered March 17, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint or, in the alternative, to amend the caption to remove the Dermot Company (the Opal) and Dermot, LLC, as aliases of the defendant.
ORDERED that the order is affirmed, with costs.
In or around 2002, the defendant, 153rd Street Associates, LLC, doing business as and also known as the Opal, Kew Garden Hills Apartment, the Dermot Company (the Opal), Dermot, LLC, and the Opal, also known as Kew Garden Hills Apartment, developed a residential apartment building located in Queens. The project was financed through the New York State Housing Finance Agency's 80/20 program, which provides favorable financing and tax benefits to developers of buildings, with the requirement that at least 20% of the units in the building be leased to low income residents at affordable rates. In or around April 2004, the complainant, a single African-American female with three minor children, entered a housing lottery to rent an affordable apartment in the subject building. In November 2005, the complainant was told that an affordable three-bedroom apartment was available, for which she and her family qualified. However, in January 2006, after a credit check for the complainant was completed, the complainant was told that the last affordable three-bedroom apartment had already been leased to a different family, and she was only offered an affordable two-bedroom apartment, which she accepted. In March 2006, the complainant filed a housing discrimination complaint against the defendant with the New York State Division of Human Rights (hereinafter the Division), alleging that she had been subjected to housing discrimination on the basis of her familial status, race, and color. In September 2010, the Division commenced the instant action to recover damages for housing discrimination on the basis of race, color, creed, and familial status in violation of the New York State Human Rights Law (Executive [*2]Law art 15; hereinafter NYSHRL).
Thereafter, the defendant moved for summary judgment dismissing the complaint,or, in the alternative, to amend the caption to remove the Dermot Company (the Opal) and Dermot, LLC, as aliases of the defendant. In an order entered March 17, 2020, the Supreme Court denied the motion. The defendant appeals.
NYSHRL prohibits discrimination in housing on the basis of race, color, creed, or familial status (see Executive Law § 296[2-a][a], [b]). "A complainant has the burden of establishing a violation. To establish a prima facie case, a complainant must demonstrate that he or she is a member of a protected class and that he or she applied for and was qualified to rent housing which was denied to him or her under circumstances which give rise to an inference of unlawful discrimination. The burden then shifts to the [defendant] to show that the rejection was for legitimate, nondiscriminatory reasons" (Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d 773, 774).
"In order to establish entitlement to judgment as a matter of law dismissing the causes of action alleging housing discrimination, the defendants had to 'demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual'" (Maun v Edgemont at Tarrytown Condominium, 156 AD3d 873, 874, quoting Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint. The defendant's submissions failed to eliminate triable issues of fact as to whether the defendant's proffered explanations for not leasing the last affordable three-bedroom apartment to the complainant and, instead, leasing the apartment to a white, Jewish family, were a pretext for intentional discrimination based on race, color, creed, or familial status (see Blackman v Metropolitan Tr. Auth., 206 AD3d 602, 604). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
The defendant's remaining contention is without merit.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court